**NOBELL v. TOWN of BEAVER et al.**

No. 19130. Opinion Filed Oct. 30, 1928.

Rizley & Loofbourrow and Clyde Miles, for plaintiff in error.

Dickson & Dickson for defendants in error.

HERR, C. This is an action by Edna Nobell, formerly Edna Thomas, against Anna Jones and nine other defendants, to quiet title to lots 5 and 6, in block 131, in the town of Beaver, Okla. The town of Beaver and the board of education of said town were made parties defendant, but they are nominal parties only.

The plaintiff claims under a deed executed by John R. Thomas, on August 8, 1916, who was then the owner of the lots. Thomas died November 15, 1916, at which time the deed above mentioned was not yet placed of record, but was thereafter, and on October 20, 1920, duly recorded in the office of the county clerk of Beaver county.

The defendants claim as heirs at law of John R. Thomas, deceased, they being his children and grandchildren. Plaintiff was the second wife of the deceased.

This litigation arises over the construction to be given the instrument upon which plaintiff relies, the question being, is the instrument on its face merely testamentary in character or a deed? Or, in other words, does the language used in the instrument operate to convey a present interest in the land? The instrument is in the form of a warranty deed; is properly executed and acknowledged; contains the recitals and covenants usually found in such deeds, except that immediately following the description of the land and immediately preceding the habendum clause, it contains the following recital:

"The conditions of this instrument are such that it is to be void and without effect until on and after the death of the said John R. Thomas, when it shall then come into full force and effect."

The case was submitted to the trial court upon an agreed statement of facts. No oral testimony was introduced. Inasmuch as it is conceded by both parties that the case must turn upon the construction given to the above-quoted clause in the instrument, we deem it unnecessary to set out in detail the facts agreed upon. The trial court held that the instrument did not convey a present interest in the land; that it was, therefore, not a deed; that it was an instrument in the

nature of a will, and void because not properly attested, and rendered judgment in favor of defendants. Plaintiff appeals.

There is no dispute between the parties as to the law. The dispute arises only in its application to the facts. The adjudicated cases furnish little, if any, assistance in construing the instrument in question. Numerous cases may be found from practically every state in the Union, in which the courts have been called upon to construe language used in instruments of this character, and in many of the cases practically the same language has been differently construed by different courts. We have examined many cases in which the question here involved is discussed, but, in our opinion, it would serve no useful purpose to enter into an extended discussion thereof. The only conclusion to be reached from the mass of decided cases is that each case must be governed and decided according to the particular facts of the individual case.

The authorities are collated in 11 A. L. R., beginning at page 23 and ending at page 106 The cases all agree that where a present interest in the land is conveyed by the instrument, such instrument will be construed as a deed, notwithstanding possession is postponed until after the death of the grantor. On the other hand, the cases unanimously hold that, where both the interest in the land and possession are, by the instrument, postponed until after the death of the grantor, the same will not be construed as a deed, but as testamentary in character, and void unless executed and attested in accordance with the statute relating to wills. See cases cited in notes, 11 A. L. R. 36-41.

Applying, then, the above rules, does the instrument in question convey a present interest in the land? We think not. The instrument is executed on the express condition that the same should be void and of no effect until after the death of the grantor. If the deed be void until after the grantor's death, certainly no interest in the land can pass until such death. This being true, the instrument cannot be said to be a deed, but is an instrument attempting to make a testamentary disposition of the land, and void because not executed and attested in accordance with the law relating to wills.

In the case of Snodgrass v. Snodgrass, 107 Okla. 140, 231 Pac. 237, this court holds:

"If a grantor, in executing a deed in which he reserves a life estate, intends that then and there he vests in the grantee the present absolute ownership of said real estate, subject to such life estate, and by his acts does place it beyond his lawful power, in event of a change of mind or heart, to otherwise dispose of said real estate by will or deed or in other manner, then, through the acceptance by the grantee, there is a delivery of the deed by the grantor during his lifetime and title passes in the lifetime of the grantor to the grantee therein named and the deed is valid and may be enforced after the death of the grantor. Otherwise, and if the grantor merely intended that he should so part with such control at his death, the instrument is merely a will, regardless of its name, and is not valid or enforceable unless executed and attested in form and manner required by law relating to last wills and testaments. Such deed itself may be left by the grantor on deposit with a third person to hold until his death, provided the aforesaid essential elements of delivery are established, and acceptance by the grantee may be implied from the facts without an expressed acceptance being proven."

Plaintiff, to support her contention, among many other authorities, cites numerous cases from the Supreme Court of Kansas, but in the case of Purcell et al. v. Baskett et al., 249 Pac. 671, in passing upon an instrument similar to the one here in question, that court holds:

"Where a written instrument in the form of a deed of conveyance expressly declares that such deed is to be null and void until the death of the grantor, and contains no other language creating an ambiguity on the subject, such instrument passes no present interest in the property, and such deed is invalid, unless it is executed, acknowledged and witnessed as required by the statute governing testamentary instruments."

Plaintiff seeks to invoke the rule that the instrument should be construed in accordance with the intention of the grantor, and that such intention should be gathered from all parts of the instrument, together with the surrounding circumstances and conduct of the parties. Plaintiff argues this rule at considerable length in her brief.

The language of the deed is plain. There is nothing ambiguous or obscure about the recital contained therein. The rule contended for by plaintiff cannot, therefore, be invoked. A similar contention was made by counsel in the Kansas case above cited, and in answer thereto the court said:

"Plaintiffs insist on the literal significance attaching to the parenthetical clauses in these deeds, which declared that they should be 'null and void until the death of the grantor.' They argue that, being null and

void until the death of the grantor, they were altogether ineffective to pass any interest to the grantee as of the time of their execution; they were ineffective during the grantor's life; and were manifestly so designed and limited by him; and, consequently, the instruments were testamentary in character and defective as such for want of testamentary witnesses.

"That contention and consequence being rather obvious, we turn to appellee's brief to note what argument can be made to the contrary. They invoke the rule of construction that the grantor's intention shall be gathered from all parts of the instrument. The rule is quite sound and just, but it is only to be invoked when the recitals of the instrument are obscure, equivocal, or uncertain. Here there is nothing doubtful, nothing uncertain, nothing to interpret. The deeds are to be null and void until the death of the grantor. The court would not be justified in saying the grantor did not quite mean what he said; that he did not exactly mean that the deeds would be null and void, but meant that, while the deeds would convey nothing from him during his lifetime, they would confer upon the grantee a fee-simple estate at his death. But that being the manifest significance of the instruments, providing as they did for the disposition of the grantor's property at his death, null and void as they were intended and declared to be until that event should happen, the deeds were testamentary in character, and of course, to be effective as such, they would have to bear the indicia of such instruments as provided by statute."

In the above opinion, the court refers to several of its prior decisions, being the very decisions from that state relied upon by plaintiff, and distinguishing them from the case there decided, the court says:

"In none of these cases, however, was the court asked or required to set at naught the plain language of the instrument."

We have quoted extensively from this case for the reason that the same is squarely in point, and because we regard the reasoning therein employed as sound and unassailable.

In order to hold that the instrument in question conveys a present interest in the land, it would be necessary that we set at naught the plain language of the instrument. This we are not at liberty to do.

The instrument, not being a deed, but being merely an instrument in the nature of a will, and not having been executed and attested in accordance with the laws relating to such instruments, is void. The trial court, therefore, properly rendered judgment in favor of defendants.

Judgment should be affirmed.

BENNETT, JEFFREY, HALL, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.