**BLACKWELL et al. v. LEE et al.**

No. 21127. Opinion Filed July 19, 1932.

Rehearing Denied Nov. 1, 1932.

Thomas J. Wiley and Harry G. Davis, for plaintiffs in error.

A. M. deGraffenried and W. W. Cotton, for defendants in error.

CULLISON, J. Plaintiffs bring this action against defendants to cancel a warranty deed made and executed by one John Lee, deceased, to the defendants herein. Parties will be referred to as they appeared in the court below. Plaintiffs for their cause of action allege and says:

"Petition.

"The plaintiffs, Robert Lee, Rachel Horn, nee Lee, Walter Lee, and Robert E. Lee, a minor, by Walter Lee, as his next friend, for their cause of action herein against the defendants Abe Blackwell and Lizzie Lee Blackwell, allege and state:

"First Count.

"1. That on or about the ____ day of December, 1927, John Lee departed this life, intestate, in Muskogee county, state of Oklahoma, at his home and place of residence situated upon the following described lands situated in said county, to wit: (description omitted).

"2. That said John Lee died seized and possessed of said lands and all rents and profits thereon, and that he left surviving him as his sole and only heirs the following children born of lawful wedlock, to wit: Robert Lee, a son, Rachel Horn, nee Lee, a daughter, Walter Lee, a son, and Robert R. Lee, a grandson, and being the son of John Lee, Jr., a deceased son of said John

Lee. That these were the only surviving heirs of the said John Lee at the time of his decease aforesaid, except the defendant Lizzie Lee Blackwell, a daughter of the said John Lee. That all of the above-named heirs of the same mother and blood to each other, except the grandson who takes by representation through his said father, John Lee, Jr.

"3. That upon the death of the said John Lee, the above-named plaintiffs and the defendant Lizzie Lee Blackwell, each inherited an undivided one-fifth interest in the lands above described, and that they are and were entitled to the joint enjoyment and possession thereof.

"4. That at the time of the death of said John Lee, the defendants Abe Blackwell and Lizzie Lee Blackwell were living upon said premises in the home of said John Lee as members of his household for the purpose of caring for the said John Lee and keeping house for him, and that after the death of said John Lee, the said defendants continued to occupy and possess said home and premises and have set up and asserted a claim of title thereto and have denied all right, title, and claim of these plaintiffs to any part of said premises and are unlawfully holding possession thereof against the rights and title of these plaintiffs, and without lawful right and title to the same.

"5. That said defendants are husband and wife and that during their adverse and unlawful occupancy of said premises they have collected all rents and profits therefrom and that the value of the use and occupancy of said premises since the death of said John Lee is $500.

"6. Plaintiffs further allege that Robert R. Lee is a minor, and that no legal guardian has ever been appointed for him, and he brings this action by and through his uncle, Walter Lee, as his next friend.

"Wherefore the plaintiffs pray for judgment against the defendants herein for possession of an undivided four-fifths interest in said lands and for damages in the sum of $400 and all other proper relief.

"Second Count.

"For further cause of action herein plaintiffs reaffirm and adopt each and every paragraph of count one as a part of their count second and further allege that said John Lee at the time of his death was totally blind and that he had been in such condition for a period of about four years; that he was unable to read or write; that he was in his dotage, being of the age of 88 years; that during the past several years said John Lee had been in poor health and during the past two years had become practically a confirmed invalid and confined to his bed and required constant assistance and attention and became wholly dependent upon some member of his family to supply his needs and care for him, and that during said time, by reason of his sickness and affliction, his mind became so impaired that he was wholly incapable and incompetent to conduct or transact business or to protect himself against imposition.

"That on or about two months prior to the death of said John Lee, the defendants herein, by request of the other members of the family of said John Lee, removed to his home for the purpose of affording him the care and attention which his condition both mental and physical required at said time, and that during said time said defendants gained such undue influence over and control of the said John Lee that he was not capable by reason of his bodily infirmity and weakness of mind to resist their importunities to make them the sole beneficiaries of his estate, and that they, taking advantage of his mental weakness and their undue influence over him, induced and persuaded the said John Lee, on the 7th day of November, 1927, and a short time prior to his death, to execute a purported deed by mark, conveying to the said Lizzie Lee Blackwell the lands aforesaid, but expressly providing therein that 'title to the above named land shall vest in the said John Lee until his death. The rents to go to the said John Lee at my death, full title to vest in the said Lizzie Lee Blackwell.' Said deed was filed for record in the office of the county clerk of Muskogee county, state of Oklahoma, on the 12th day of November, 1927, and now appears of record therein in book 565 at page 445. A copy of same is hereto attached, made a part hereof, and marked Exhibit 'A.'

"Plaintiffs further aver that said deed was wholly without consideration, and that at and prior to the time of the execution thereof by mark by the said John Lee that he was wholly incompetent and incapable of conveying said lands by reason of the facts above stated, and that same was obtained by the said defendants by undue influence and vested no title in them, and that the only interest owned in said land by the said defendant Lizzie Lee Blackwell, is an undivided one-fifth interest as heir of the said John Lee, deceased.

"Wherefore, plaintiffs pray that said purported deed from the said John Lee to the said Lizzie Lee Blackwell aforesaid be canceled, set aside, and held for naught, and that these plaintiffs be decreed to own each an undivided one-fifth interest in said lands and for all other proper relief."

"Exhibit 'A'"

"Warranty Deed.

"Book 565
"Page 445
"226191

"Know All Men by These Presents:

"That I, John Lee (an unmarried person)

party of the first part, in consideration of the sum of $1, in hand paid, the receipt of which is hereby acknowledged, hereby grant, bargain, sell, and convey unto Lizzie Lee Blackwell, party of the second part, the following described real property and premises situate in Muskogee county, Oklahoma, to wit: * * * (description omitted). **Title to the above-named land shall vest in the said John Lee until his death. The rents to go to the said John Lee at my death full title to vest in the said Lizzie Lee Blackwell,** together with all improvements thereon and the appurtenances thereunto belonging and warrant the title to the same.

"To have and to hold said described premises unto the said party of the second part, her heirs, and assigns forever, free, clear and discharged of and from all former grants, charges, taxes, judgments, mortgages, and other liens and incumbrances of whatsoever nature.

"Signed and delivered this 7th day of November, 1927.

his

"John X Lee

mark

"Witnesses to mark,

"J. F. Beavers, Webbers Falls, Okla.

"L. F. McGrew, Webbers Falls, Okla."

Defendants, for their answer to plaintiffs' petition, say:

"Answer.

"Comes now the defendants Abe Blackwell and Lizzie Lee Blackwell, and in answer to the petition of plaintiffs filed herein, state:

"1. These defendants deny each and every material allegation set forth in plaintiffs' petition, both first count and second count, except only those things hereinafter specifically admitted.

"2. These defendants admit that John Lee departed this life intestate during the month of December, 1927, in Muskogee county, state of Oklahoma, while living on the property described in plaintiffs' petition; admit that the said John Lee left surviving him as children and grandchildren the plaintiffs named in said petition and the defendant Lizzie Lee Blackwell; admit that defendants are husband and wife, and admit that the plaintiff Robert R. Lee is a minor, but deny that they are indebted to plaintiffs for any rents or for any sum whatsoever.

"3. These defendants specifically deny that on or prior to the 7th day of November, 1927, the said John Lee was or had been impaired of mind, and deny that he was or had been incapable and incompetent to conduct or transact business or to protect himself in any way; deny that these defendants, or either of them, gained or exercised any undue influence over or control of the said John Lee, and deny that any advantage or any undue influence or any overpersuasion was practiced by these defendants, or either of them, on said John Lee at any time, but, on the contrary, these defendants state the facts to be that, on the 7th day of November, 1927, solely as his free and voluntary act and deed, the said John Lee made, executed, and delivered to the defendant Lizzie Lee Blackwell, his warranty deed covering * * * (description omitted), a copy of which said warranty deed is attached to plaintiffs' petition and made a part hereof the same as if attached hereto. And that the said Lizzie Lee Blackwell has been in possession of said premises from that day to this and that, at the request of the said John Lee, said deed was duly filed of record on the 12th day of December, 1927, and that the said defendant Lizzie Lee Blackwell is and has been, since the date of said deed and the delivery thereof, the true and absolute owner of said premises, and that the plaintiffs have no right, title, or interest, claim or demand therein or thereto and that any claim of said plaintiffs or either of them, asserted by said plaintiffs in or to said premises constitutes a cloud on the title of this defendant and should be removed by order of this court.

"Wherefore, these defendants pray that plaintiffs take nothing; that their cause of action be dismissed at their costs, with prejudice; that this court decree that the defendant Lizzie Lee Blackwell is the sole and absolute owner of * * * (description omitted), free and clear of any lien or claim of the plaintiffs, or either of them, and that the plaintiffs, and each of them, be enjoined from ever asserting any right, title, interest, claim, or demand in or to said property, or any part thereof, and for all other proper relief."

Plaintiffs filed reply and were permitted to dismiss that part of their petition relating to rents and profits, arising from land in dispute. Plaintiffs moved for judgment on the pleadings, which motion was by the court sustained. Thereupon, the court rendered the following judgment:

"Journal Entry of Judgment.

"Now, on this the 31st day of October, 1929, the above-entitled and numbered cause comes on to be heard before me, the Honorable W. J. Crump, judge of said court, the plaintiffs appearing in person and A. M. de-Graffenried and W. W. Cotton, their attorneys, and the defendants appearing in person and by Harry G. Davis and T. J. Wiley, their attorneys, and the defendants in open court ask permission to amend their answer by interlineation, which leave is granted by the court and the amendment made.

"Thereupon, the plaintiffs in open court

ask permission to refile their reply to the answer of the defendants as amended, which leave is granted by the court and the reply so filed.

"Thereupon, the plaintiffs in open court dismiss their cause of action in so far as the same demands damages, rents, and profits from the lands involved in this controversy.

"Thereupon, the plaintiffs moved for judgment in controversy herein, which motion the court thereupon proceeded to hear and the court after hearing said motion and the argument of counsel thereon and being well and sufficiently advised in the premises, finds that the same should be sustained.

"The court further finds that the instrument in controversy herein which the plaintiffs seek to cancel is not a warranty deed, but is testamentary in character and, at the time of the execution of said instrument, it conveyed no present right, title, interest, or estate in and to the lands mentioned and described in said instrument.

"The court further finds that said instrument does not conform to the rules and statutes governing the making, signing, and attestation of wills and that said instrument is therefore void and of no force and effect and conveyed no right, title, interest or estate in and to the lands mentioned and described therein, and that the said defendants obtained no right, title, interest, or estate in and to said lands by reason of the execution of said instrument.

"It is therefore ordered, adjudged, and decreed by the court that the deed executed by John Lee on the 7th day of November, 1927, and recorded in book 565 at page 445 of the deed records of Muskogee county, Okla., be and the same is hereby canceled, set aside, and held for naught as a cloud upon the plaintiffs' title, and that the plaintiffs are the owners of an undivided four-fifths interest in and to said land and the title of the said plaintiffs is hereby quieted in them, free and clear of any claim, right, title or interest of the defendants in the same.

"It is further ordered by the court that the plaintiffs have and recover judgment on the pleadings herein against the defendants for possession of an undivided four-fifths of the lands involved in this action, being the following described lands, situate in Muskogee county, state of Oklahoma, to wit: * * * (description omitted).

"It is further ordered by the court that the plaintiffs recover all their costs herein.

"To all of which judgment and order, defendants except and in open court give notice of their intention to appeal to the Supreme Court of the state of Oklahoma, which exceptions are allowed and the same and notice of intention to appeal ordered

noted upon the trial docket of this court; for good cause shown defendants are granted extension of time of 60 days after date hereof in which to make and serve case-made, the plaintiffs to have ten days thereafter in which to suggest amendments, the same to be settled after five days' notice given by either party.

"It is further ordered that execution be stayed for a period of 15 days after the date hereof and thereafter pending appeal upon the defendants filing with the clerk of this court a good and sufficient supersedeas bond in the sum of $500 with approved sureties.

"W. J. Crump,
"District Judge."

Motion for new trial overruled, and defendants appeal to this court. Defendants suggest many errors, but elect to present all of them under one proposition, namely:

"The court erred in sustaining the motion of the defendants in error for judgment on the pleading and erred in rendering judgment in favor of the defendants in error and against these plaintiffs in error thereon."

Plaintiffs elect to present all their argument under one heading:

"Is the instrument in question herein a will or deed?"

It is agreed by court and counsel there is but one question in the instant case for adjudication, namely, "Is the instrument in question herein a will or deed?"

After describing the land sought to be conveyed, the instrument contains the following provision:

"Title to the above-named land shall vest in the said John Lee until his death. The rents to go to the said John Lee (and) at my death full title to vest in the said Lizzie Lee Blackwell."

Plaintiffs contend the instrument is testamentary in character, and therefore null and void.

We find in Nobell v. Town of Beaver, 133 Okla. 247, 271 P. 420, a rule of interpretation applicable to instruments such as herein considered, in which case the court lays down the following rule, which is a well recognized principle of law:

"Where a written instrument in the form of a deed of conveyance expressly declares that such deed is to be void and without effect until on and after the death of the grantor, and contains no other language creating an ambiguity on the subject, such instrument passes no present interest in the property and cannot be construed as a deed,

but will be construed as testamentary in character, and is invalid unless executed and attested in accordance with the statute relating to wills (Comp. St. 1921, sec. 11221, et seq.)."

In Ruling Case Law, vol. 8, p. 930, we find the following language:

"* * * However, whether an instrument be a deed or will does not depend primarily on its form or manner of execution, but upon its operation; for it is fundamental that, while possession or enjoyment of an estate may be deferred, a deed, to be operative, must pass a present interest, while an instrument testamentary in character operates only upon the death of the maker, who, by its execution, parts with no rights and divests himself of no modicum of his estate. * * *"

The author further states, on page 932:

"* * * Accordingly, where it appears that the grantor in an instrument purporting to be a deed intends that title shall remain in him until his death, and then pass to the grantee, his intent will be held to be testamentary in character and hence incapable of consummation by a deed even where by statute it is possible to create a freehold estate to commence in futuro. * * *"

Corpus Juris, vol. 18, p. 149, lays down the rule as follows:

"If the instrument passes a present interest, although the right to its possession and enjoyment may not occur until some future time, it is a deed or contract; but if the instrument does not pass an interest or right until the death of the maker, it is a will or testamentary paper. The question is to be determined by the intention of the parties derived from the whole instrument."

In Snodgrass v. Snodgrass, 107 Okla. 140, 231 P. 237, the question there under discussion was whether there had been a delivery of the deed.

The court said:

"* * * Otherwise, and if the grantor merely intended that he should so part with such control at his death, the instrument is merely a will, regardless of its name, and is not valid or enforceable unless executed and attested in form and manner required by law relating to last wills and testaments."

In Snodgrass v. Snodgrass, supra, the court quoting from the case of Benner v. Bailey (Ill.) 84 N. E. 638, said:

" 'A deed must take effect upon its execution and delivery or not at all and a deed which is not to take effect until the death of the grantor is void as an attempt to make a testamentary disposition of the property without complying with the statute of wills.' "

The court further said:

"If the intended disposition of property is not to take effect in the testator's lifetime, but, is ambulatory until his death, such disposition is not operative unless it is executed in conformity with the statute of wills."

In Chaplin v. Chaplin, 184 P. 984, the Supreme Court of Kansas, in the syllabus, said:

"The insertion in a warranty deed of a provision that it shall be void in case the grantee dies before the grantor indicates a purpose that the title shall pass only in the event the grantee shall survive the grantor and renders the instrument testamentary in character and therefore inoperative for want of witnesses. The fact that it was executed shortly after the grantor had suffered a paralytic stroke, in consideration of the care and kindness of the grantee, his brother, and the probability that he would be a burden on him for sometime to come, does not militate against this construction."

In Turner v. Scott, 51 Pa. St. 126, the instrument therein, "this indenture," contained the following reservation:

"Excepting and reserving, nevertheless, the entire use and possession of said premises unto the said John Scott and his assigns for and during the term of his natural life; and this conveyance in no way to take effect until after the decease of the said John Scott, the grantor."

The court, in commenting upon the reservation, said:

"However this may be, we see nothing in the convenant of warranty to change our construction of the operative words of the grant. As these words were expressly limited to take effect only after the death of the grantor, they were necessarily revocable words. The doctrine of the cases is, that whatever the form of the instrument, if it vests no present interest but only appoints what is to be done after the death of the maker, it is a testamentary instrument. It signifies nothing that the parties meant to make a deed instead of a will. If they have used language which the law holds to be testamentary, their intention is to be gathered from the legal import of the words they have employed, for all parties must be judged by the legal meaning of their words."

The defendants contend the rule in Oklahoma to be:

"If a grantor executes a deed, attested and in all respects a deed, and makes irrevocable delivery thereof, the same to take full effect on death of the grantor, the same is held to be a conveyance passing title in praesenti, with the right of possession postponed until the death of the grantor."

And they cite many authorities in support of their contention. We have carefully examined the authorities cited by defendants in support of the rule of law suggested by them. We find no fault with the above rule of law suggested by plaintiffs in error (defendants below), save and except to say, the rule of law suggested has no application to the rule of law, facts, and circumstances in the instant case. The only question raised in the cases cited by defendants relates to the effect and terms of the delivery of the deeds therein mentioned.

Defendants discuss in their brief many other questions, which do not arise in the instant case, but we conceive no good purpose in further discussing irrelevant questions.

The deed in the instant case sought to be canceled which is attached to plaintiffs' petition, expressly states "Title to the above-named land shall vest in the said John Lee (grantor) until his death." The deed also provides: "The rents to go to the said John Lee * * *" so long as he lives.

The text-writers, this court, and many of the highest courts in the various states, have laid down, adopted, and recognized the rule or principle of law in Nobell v. Town of Beaver, supra, which rule reads as follows:

"Where a written instrument in the form of a deed of conveyance expressly discloses that such deed is to be void and without effect until on and after the death of the grantor, and contains no other language creating an ambiguity on the subject, such instrument passes no present interest in the property and cannot be construed as a deed, but will be construed as testamentary in character, and is invalid unless executed and attested in accordance with the statutes relating to wills. Comp. St. 1921, sec. 11221, et seq."

We are of the opinion, and hold, that the provision in said deed, namely, "Title to the above-named land shall vest in the said John Lee until his death. The rents to go to the said John Lee, * * *" clearly falls within the rule of law above quoted; that there is no other language in the deed creating an ambiguity on the subject; that said deed passes no present interest in the property and cannot be considered as a deed; that said deed can only be considered as testamentary in character, and is invalid unless executed and attested in accordance with the statutes relating to wills Comp. St. 1921, sec. 11221 [O. S. 1931, sec. 1536], et seq.

The trial court sustained plaintiffs' motion for judgment on the pleadings, and, under the authority presented, held:

"That the deed conveyed no present right, title, interest or estate in and to the lands mentioned and described in said instrument, and further held that said instrument (deed) does not conform to the rules and statutes governing the making, signing, and attestation of wills; that said instrument (deed) is void and of no force and effect. * * * And that the said defendants obtained no right, title, interest, or estate in and to said lands by reason of the execution of said instrument."

Finding no error on the part of the trial court, the judgment is affirmed.

LESTER, C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. CLARK, V. C. J., and McNEILL, J., absent.