## WRIGHT v. JORDAN.

No. 21235. Opinion Filed Nov. 29, 1932.

Rehearing Denied Jan. 3, 1933.

Breeden & Breeden, for plaintiff in error.

Paul R. Haunstein and Winfield Scott, for defendant in error.

ANDREWS, J. This is an appeal by Kate Wright, the defendant in the trial court, from a judgment of the district court of Grant county in favor of M. O. Jordan, the plaintiff in that court. Hereinafter the parties will be referred to as plaintiff and defendant.

The action was to cancel a contract and deed of conveyance of real estate and to recover $600, the proceeds of a sale of royalty impounded in a bank under a restraining order of the court.

The trial court found and held, as stated in the journal entry, that the deed "is null and void for the reason that the same is not a present conveyance and is not of testamentary character and not executed and attested in accordance with the statute relating to wills," and that the "$600 impounded in Citizens Bank of Wakita is the portion of the fund for such conveyance that would have gone to Kate Wright, but the court finds that by reason of the invalidity of the deed to her, she is not entitled to said sum and that plaintiff by reason of owning the land is entitled thereto." Those findings are contrary to the evidence and they are contrary to the law. The deed was voluntarily executed and delivered by the plaintiff to the defendant. As found by the trial judge, there was no such "fraudulent representation as would vitiate the contract"; the contract "was entered into fairly"; the plaintiff "was mentally competent," and he was "not acting under any undue influence." The trial judge further found that the contract was not "improvident" in so far as the plaintiff was concerned, and that "if there is any improvidence in the matter, the burden of it rests on the defendant in this case." The record clearly shows an adequate consideration for the deed, a part of which had been paid by the defendant prior to the execution of the deed and a part of which was paid by the defendant after the execution thereof and prior to the institution of this action. The judgment of the trial court was based on what the trial judge referred to as the "Nobell Case." The plaintiff relies on the decision in that case and the decision in the case of Snodgrass v. Snodgrass, 107 Okla. 140, 231 P. 237. Neither of those cases is decisive of the issue presented.

The deed was in the usual form of a warranty deed, with the exception that after the habendum clause, there had been inserted therein the following provision:

"* * * Except grantor reserves a life estate and is to have full charge and control so long as he lives, that is, he is to have the rents and profits, he to keep up the taxes during his lifetime."

In Nobell v. Town of Beaver, 133 Okla. 247, 271 P. 420, there was an entirely different form of deed under consideration. Therein the deed recited that it was to be void and without effect until on and after the death of the grantor. There is no such provision in the deed in question here. In Snodgrass v. Snodgrass, supra, this court said:

"A deed, to become effective, must be delivered by the grantor during his lifetime, for if same be executed only for delivery after the grantor's death, the same is only a will regardless of its name and is valid

only when executed in the form and manner provided by law for the execution of a last will and testament"

—and:

"If a grantor, in executing a deed in which he reserves a life estate, intends that then and there he vests in the grantee the present absolute ownership of said real estate, subject to such life estate, and by his acts does place it beyond his lawful power, in event of a change of mind or heart, to otherwise dispose of said real estate by deed or will or in other manner, then, through the acceptance by the grantee, there is a delivery of the deed by the grantor during his lifetime and title passes in the lifetime of the grantor to the grantee therein named, and the deed is valid and may be enforced after the grantor's death. In such case the deed takes effect at the time of such delivery, and immediately thereupon, and while the grantor is yet living, the grantee could sell to another and convey good title to said real estate, subject to the life estate therein reserved."

The deed in question here was delivered by the grantor and recorded by the grantee. Thereby the grantor placed it beyond his power to change the deed or otherwise to dispose of the property.

The form of deed is authorized by the provisions of section 11753, O. S. 1931 (section 8407, C. O. S. 1921). The record shows a present intention to convey a present title subject only to the right of the grantor to a life estate in the property, together with the rents and profits therefrom, and with full charge and control thereof so long as he lives, with the provision that he is to "keep up the taxes during his lifetime." Harjo v. Willibey, 138 Okla. 212, 281 P. 265; Kay v. Walling, 98 Okla. 258, 225 P. 384; Wright v. Anstine, 96 Okla. 162, 220 P. 928, and Lowery v. Westheimer, 58 Okla. 560, 160 P. 496.

Since the deed was not void, the defendant was entitled to the $600 which, under her agreement with the plaintiff, she was to receive for the execution of the mineral deed to an interest in the real estate.

The trial court found that the plaintiff had violated the terms of the contract which was the basis of the deed. We do not think it necessary herein to determine whether or not that finding was correct. Neither do we think it necessary to determine whether or not the plaintiff violated the terms of that contract, as contended by the defendant.

This action was not an action at law for the recovery of damages from the breach of a contract. It was an action in equity for the cancellation of a contract and deed the $600 impounded being incidental thereto and the recovery thereof being conditional upon success in the cancellation proceedings. If the defendant has breached her contract with the plaintiff, his remedy was at law for the recovery of the amount of damages sustained by him therefrom.

Proof of a breach of contract is not sufficient to warrant court in canceling the contract and a deed issued pursuant thereto when a part of the consideration for the deed has been paid.

Section 9668, O. S. 1931 (section 5247, C. O. S. 1921), is as follows:

"Any person or corporation having knowingly received and accepted the benefits or any part thereof of any conveyance, mortgage or contract relating to real estate, shall be concluded thereby and estopped to deny the validity of such conveyance, mortgage or contract, or the power or authority to make and execute the same, except on the ground of fraud; but this section shall not apply to minors or persons of unsound mind who pay or tender back the amount of such benefit received by themselves."

There was no pleading or proof sufficient to defeat the effects of section 9500, O. S. 1931 (section 5079, C. O. S. 1921), as follows:

"Rescission, when not effected by consent, can be accomplished only by the use, on the part of the party rescinding, of reasonable diligence to comply with the following rules:

"First. He must rescind promptly, upon discovering the facts which entitled him to rescind, if he is free from duress, menace, undue influence, or disability, and is aware of his right to rescind; and,

"Second. He must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable, or positively refuses, to do so."

Under the rule followed in Zufall v. Peyton, 26 Okla. 808, 110 P. 773; Herron v. Harbour, 57 Okla. 71, 155 P. 506; Dalton v. Hopper, 74 Okla. 127, 177 P. 571, and Duncan v. Keechi Oil & Gas Co., 75 Okla. 98, 181 P. 709, while a court of equity will usually give complete relief in the premises when it has obtained jurisdiction to cancel a contract, it will grant no more relief than that to which the applicant shows himself entitled. Herein the plaintiff did not seek a money judgment for damages for the breach

of the contract, and if he showed such a breach, he did not show the amount of damages, if any, sustained by him.

The judgment of the trial court is reversed. The cause is remanded to that court, with directions to render judgment in favor of the defendant on the issues presented by the pleadings herein.

LESTER, C. J., and CULLISON, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY and HEFNER, JJ., absent. SWINDALL, J., not participating.