### LANE v. ILLINOIS BANKERS LIFE ASSUR. CO.

No. 2156.

Circuit Court of Appeals, Tenth Circuit.

Dec. 24, 1940.

Tom D. McKeown and J. W. Bolen, both of Ada, Okl., and John W. Hunt, of Oklahoma City, Okl., for appellant.

W. C. Austin and Robert B. Harbison, both of Altus, Okl., for appellee.

Before BRATTON and MURRAH, Circuit Judges, and KENNAMER, District Judge.

BRATTON, Circuit Judge.

Dora Knox, owner of a certain tract of land in Johnston County, Oklahoma, died in July, 1938. Prior to her death, Illinois Bankers Life Assurance Company, hereinafter called the assurance company, instituted in the state court a suit to foreclose a mortgage covering the land. Dora Knox and Wilson H. Lane, her brother, hereinafter called the debtor, were joined as parties defendant. The suit was pending at the time of the death of Dora Knox; it was thereafter duly revived; in January, 1939, judgment was rendered for plaintiff, with foreclosure of the mortgage lien; and the sheriff subsequently advertised the land for sale at public auction on August 28, 1939. On August 25th, the debtor filed in this proceeding his petition in the usual form seeking relief under section 75 of the Bankruptcy Act, as amended, 47 Stat. 1467, 1470; 48 Stat. 911, 925; 49 Stat. 942, 943, 11 U.S.C.A. § 203. The land referred to was included in the schedule of assets attached to the petition, being all of the land which the debtor claimed to own or possess at the time. Thereafter, the assurance company filed a motion to dismiss on the ground that the debtor was not the owner of the legal title to the land; that the land was not an asset of his estate; that he was not a farmer within the meaning of the act; and that the proceeding was instituted in bad faith for the sole purpose of delay. The conciliation commissioner heard the motion in January, 1940. The court heard it in February upon the record made before the commissioner and later filed a written memorandum of decision sustaining the motion on the ground that the debtor was not the owner of the land; that he merely held an unrecorded deed executed by Dora Knox, dated April 8, 1936, purporting to convey the land to him; that the deed was executed and placed in his hands with the understanding that it would not become effective until after her death; and that the land was to continue to be her property as long as she lived. The memorandum contained a recital that the debtor's petition was dismissed, and that a formal order of dismissal would be entered on April 8th. The debtor made application to submit further evidence. The application was granted, and the debtor introduced in evidence a copy of a quitclaim deed, dated March 26, 1940, executed by the daughter and sole heir at law of Dora Knox, deceased, conveying the land to the debtor. The court found that the debtor was a farmer within the meaning of the act; that he had no title to the land at the time of the filing of his petition; that the fair value of the land was less than the amount of the indebtedness against it; that under all the circumstances it would be inequitable to retain jurisdiction of the particular tract of land; and that the creditor should be permitted to proceed with the foreclosure for the purpose of liquidating its indebtedness. The land was discharged from the bankruptcy proceeding and the assurance company was allowed to proceed

with the foreclosure sale in the state court. The debtor appealed.

■ The quitclaim deed did not pass to the debtor any present interest in the land. It was testamentary in character, and as such was invalid for the reason that it was not executed in accordance with the statutes of the state respecting wills. 84 Okl.St.Ann. § 41 et seq. Blackwell v. Lee, 160 Okl. 73, 15 P.2d 574. The debtor did not own the land or have any other interest in the nature of title at the time of the filing of his petition in this proceeding. And the quitclaim deed—executed and delivered to him after the filing of the petition, for the purpose of effectuating the gift from Dora Knox—did not effectively bring the land within the control of the bankruptcy court so as to require that it be administered as a part of the estate of the debtor. Wright v. Union Central Ins. Co., 304 U.S. 502, 58 S.Ct. 1025, 82 L.Ed. 1490.

■ The debtor places strong reliance upon section 11728, Oklahoma Statutes 1931, 60 Okl.St.Ann. § 332, which provides that occupancy confers title sufficient against everyone except the state, and those who have title by prescription, accession, transfer, will or succession. The debtor was in possession of the land prior to the delivery of the deed from Dora Knox; and he was farming it under an arrangement with her, the nature of which is not disclosed. Immediately after her death, he assumed possession under the asserted gift by deed, and thereafter made certain permanent improvements. While no case by the supreme court of the state deciding the question has been called to our attention, we think it is clear that a mortgage deed constitutes a transfer within the intent and meaning of the statute; and that for such reason, the statute does aid the debtor in respect of title.

■ It is contended that the court was not authorized to release the land from the bankruptcy proceeding and consent to its sale by the sheriff for the reason that the conciliation commissioner had not made a report. Subsection (o) of section 75, supra, provides that, except upon petition made to and granted by the judge after hearing and report by the conciliation commissioner no sale of property belonged to the debtor or in which he has an interest shall be had after the filing of the petition for relief under the section. In the absence of the preliminary steps required by the sub-section, it is error for the bankruptcy court to permit the sale of property in a foreclosure proceeding in another court. Union Joint Stock Land Bank v. Byerly, 310 U.S. 1, 60 S.Ct. 773, 84 L.Ed. 1041; Bastian v. Erickson, 10 Cir., 114 F.2d 338. But in this instance the conciliation commissioner heard the motion of the assurance company. Evidence was adduced upon the hearing, a transcript of the proceedings was submitted to the court, and the court heard the matter initially upon the record thus made before the commissioner. The statute does not require that the conciliation commissioner shall make recommendations. It merely exacts a report. The hearing before the commissioner, the submission to the court of a transcript of the proceedings had before him, and the hearing of the court upon such transcript, constituted a substantial compliance with the requirements of the subsection.

■ At the request of the debtor, the hearing was reopened for the introduction of additional evidence beyond that contained in the transcript of the proceedings had before the conciliation commissioner. In the course of the hearing, the assurance company introduced without objection or exception testimony relating to the value of the land, which it was not contradicted or disputed; and the court found that as disclosed by such testimony, the value of the land was less than the mortgage indebtedness against it. Assuming for the moment that the debtor had title or some interest in the land, it is well settled that in an ordinary proceeding in bankruptcy the court is not required to assume charge of property and administer it where an unquestioned lien existing against it exceeds in amount the value of such property, for the reason that there is no equity for the bankrupt or other creditors. In such circumstances the court is warranted in releasing the property from the bankruptcy proceeding and authorizing the holder of the lien to proceed otherwise for the enforcement of his lien, and it should do so. Federal Land Bank of Baltimore v. Kurtz, 4 Cir., 70 F.2d 46; First National Bank of Ardmore, Oklahoma v. Bonner, 10 Cir., 74 F. 2d 139. According to the undisputed evidence and the finding of the court, there was no equity whatever in this land for the debtor or other creditors. The court was therefore well within the exercise of its sound discretion in releasing the land and authorizing the sheriff to proceed with the sale.

There is no need here to explore the question whether in case a conceded lien against property of a debtor exceeds in amount the value of the property and therefore no equity is present for the debtor or other creditors, still the debtor has the right under subsection (s) (3) to have the land appraised, and be given an opportunity to redeem at the appraised value, see Wright v. Union Central Life Ins. Co., 61 S.Ct. 196, 85 L.Ed. ——, decided December 9, 1940, as no effort was made to invoke the provisions of that subsection.

Affirmed.