DALTON v. BURDICK et al.

No. 29513. Jan. 14, 1941.

Rehearing Denied Feb. 18, 1941.

*110 P. 2d 297.*

Kittie C. Sturdevant, of Oklahoma City, for plaintiff in error.

Everest, McKenzie & Gibbens, of Oklahoma City, for defendants in error.

CORN, V. C. J. This is an action to determine the legal effect of certain deeds and to quiet title accordingly to two separate pieces of improved real estate in the city of Stillwater. From the judgment of the court quieting title to lot 11 in block 19, in the city of Stillwater, in Catherine Elizabeth Burdick Dalton as against plaintiffs, and quieting in Cora C. Burdick a contingent life estate in said premises, to take effect only in the event the said Catherine predeceased the said Cora C. Burdick, and in that event to continue until the death of the said Cora C. Burdick, and then to revert in fee simple to the legal heirs of the said Catherine Elizabeth Burdick Dalton, the said Catherine by her guardian brings this appeal for the purpose of excluding the contingent life estate above mentioned from the judgment and from her title to the property.

Catherine conveyed to her mother, Cora C. Burdick, by warranty deed, for a nominal consideration, including love and affection, a life estate in the prop-

erty, with a provision following the habendum clause as follows:

"Second party agrees to keep up and pay all taxes of whatever nature on said property as the same accrues and to keep said property insured for not less than $2,500. Said property to revert to first party, her heirs, administrators, executors or assigns upon the death of said Cora C. Burdick, grantee herein."

The deed was delivered and recorded, but thereafter the parties executed and recorded a memorandum of agreement as follows:

"Whereas, on 19th day of August, 1927, Catherine Burdick Jones, now Catherine Burdick Dalton, executed and delivered to Cora C. Burdick, a certain warranty deed conveying to her for and during her lifetime, lot eleven (11) block (19) nineteen, in the city of Stillwater, Oklahoma, according to the original plat thereof; and

"Whereas, it was understood at that time that the deed was delivered that it was a conditional conveyance only, conditioned to take effect at the death of the said Catherine Burdick Jones, now Catherine Burdick Dalton, and,

"Whereas, the condition was not placed in the deed and it is now the desire of the parties to express said condition in writing.

"Now, therefore, it is agreed between the parties that said deed was conditionally delivered to the said Cora C. Burdick to take effect only upon the death of the said Catherine Burdick Dalton, formerly Catherine Burdick Jones, and it is expressly understood that the said Catherine Burdick Jones, now Catherine Burdick Dalton, is to receive all income on said property and to assume the burdens for it during her natural life."

Catherine later was adjudged incompetent and a guardian was appointed for her estate. She has a husband and one child.

It is contended by the guardian, the appellant, that the deed as conditioned by the memorandum of agreement above set out, is testamentary in character, and is void because it was not executed and attested in accordance with the law of wills. Nobell v. Town of Beaver et al., 133 Okla. 247, 271 P. 420; Blackwell v. Lee, 160 Okla. 73, 15 P. 2d 574, and the authorities discussed in said cases, are relied upon in support of said contention.

The rule distinguishing a deed from a testamentary instrument is stated in 18 C. J. 149 as follows:

"If the instrument passes a present interest, although the right to its possession and enjoyment may not occur until some future time, it is a deed or contract; but if the instrument does not pass an interest or right until the death of the maker, it is a will or testamentary paper. The question is to be determined by the intention of the parties derived from the whole instrument."

The authorities all agree that where the instrument is executed on the express condition that the same should not take effect until after the death of the grantor, it is a testamentary instrument. The language expressing the condition upon which the instrument here involved was executed and delivered is clear and unambiguous, and we are not permitted to say that it did not express the intention of the parties at the time it was written.

The instrument, lacking the formalities required of a valid will, is void and of no effect, and the title to the property should be quieted in the grantor, Catherine Elizabeth Burdick Dalton.

The judgment is reversed and remanded, with directions to enter judgment conforming herewith.

WELCH, C. J., and BAYLESS, GIBSON, and DAVISON, JJ., concur.