**COMMERCIAL COMMUNICATIONS, INC., Appellee,**

v.

**STATE of Oklahoma ex rel. OKLAHOMA BOARD OF PUBLIC AFFAIRS, Appellant.**

No. 52022.

Supreme Court of Oklahoma.

June 17, 1980.

---

8. 10 O.S.1971 § 24 and 10 O.S.Supp.1979 § 1109(b).

Jan Eric Cartwright, Atty. Gen., of Oklahoma and C. Elaine Alexander, Asst. Atty. Gen., Oklahoma City, for appellant.

Hammons & Wolking, Inc., by Mark E. Hammons, El Reno, for appellee.

HODGES, Justice.

The Oklahoma Board of Public Affairs [appellant—Board] solicited bids for intercom equipment on October 13, 1976. The solicitation specified "Executone" or "approved equal" equipment. Although the solicitation listed the model numbers, it did not contain a set of specifications for the brand listed. Commercial Communications, Inc. [appellee] was determined to be the lowest and best bidder, and it was awarded the contract. After the equipment was installed, the Board refused to honor the contract, and ordered Commercial Communications to remove the equipment.

Commercial Communications filed suit alleging breach of contract. The Board sought the defense of rescission. It was argued by the Board that it had the right to cancel the contract because the equipment did not meet its specifications. The equipment sought by the Board was required to have the capacity to carry up to four channels of conversation simultaneously. The equipment furnished by Commercial Communications could only carry one channel at a time. The requirement that the equipment handle four simultaneously conversations was contained in certain technical documents promulgated by the manufacturer of Executone, but the information did not appear in the bid file or on the face of the bid documents.

The court granted Commercial Communications' motion to conform the pleadings to the proof. The jury verdict was entered for the Board, and Commercial Communications moved for judgment pursuant to 15 O.S.1971, § 233B.[1] The trial court deter-

---

1. Specific statutory relief may be granted in actions for rescission. 15 O.S.1971, § 233B provides:

"In an action, counter claim, cross claim or plea in intervention based on the theory of rescission of a contract, the court shall adjust the equities between the parties, and al-though the action is tried to a jury, the court may require the party to whom relief based on rescission is granted to make that compensation to the other party which may be required. If the court determines that the contract may not be rescinded, it may grant damages or any other relief to which the

mined that rescission by the Board did occur and that Commercial Communications' failure to meet bid specifications was due, at least in part, to the Board's failure to conform to the requirements of 61 O.S. Supp.1975 § 105, when it failed to include specific details in the bid notice or in the bidding file.[2] The court found that under the provisions of 15 O.S.1971, § 233B it was authorized to weigh the equities and was authorized to award damages to Commercial Communications regardless of the jury verdict. An order was entered which awarded Commercial Communications compensation for costs of installing and removing the equipment and for loss in value of the equipment. Costs and attorney fees were also taxed against the Board.

The litigants entered into a stipulation in lieu of a narrative statement because the trial transcript could not be completed. It was stipulated that: 1) There was evidence of breach of contract and of rescission, and 2) The question on appeal is one of law, not of fact.

The Board contends that the trial court could not weigh the equities under § 233B if there was any evidence to support the jury verdict. The Board does not assert that the only issue presented must be one of rescission, but that at the conclusion of the presentation of evidence, rescission must be the basis for relief. It is argued by the Board that where the evidence is of breach of contract and of rescission and relief could be granted on either, the statute dealing

with judgment notwithstanding the verdict, 12 O.S.1971 § 698,[3] must be applied. This argument is premised on an interpretation of § 698. The argument is made by the Board that to permit the trial court's interpretation of § 233B to prevail would abrogate the jury's findings of fact and would substitute the trial court's verdict for that of the jury. The principal thrust of the argument is that § 233B requires an adjustment of the equities, not a substitution of verdict. Commercial Communications couches the question as being, "Can the trial court, when presented with evidence of rescission, weigh the equities notwithstanding the presence of a jury." Commercial Communications argues the Board's position is fallible because 15 O.S.1971 § 233B is a separate, a specific remedy, and involves the equitable nature of the relief of rescission.

I

▮▮▮ A suit for rescission is ordinarily within the exclusive jurisdiction of equity, and can be conferred by equity alone.[4] The verdict or finding of the jury in an action for rescission or cancellation is advisory and not binding on the court. The court may, in its discretion, modify the findings or set them aside, and substitute its own conclusion on the facts as well as the law.[5] In a proceeding for rescission or cancellation of a contract, the trial court awards complete, just, and equitable relief whether the relief is equitable or legal in nature. In adminis-

---

party may be entitled, whether or not such relief is sought in the pleadings."

2. It is required by 61 O.S.Supp.1975 § 105 that all bid notices contain the following information:
"The character of the proposed public construction contract in sufficient details that all bidders shall know exactly what their obligation will be, either in the bid notice itself or by reference to bidding documents on file in the main office of the awarding public agency; . . .."

3. It is provided by 12 O.S.1971 § 698:
"When a motion for a directed verdict which was made at the close of all of the evidence should have been granted, the court shall, at the request of the moving party, render judgment in his favor though a verdict

has been found against him, but the court may order a new trial where it appears that the order party was prevented from proving a claim or defense by mistake, accident or surprise. The request for judgment may be filed within ten days after the verdict, report or decision is rendered regardless of whether or not the term has ended, and the motion may be joined with a motion for a new trial."

4. *Ionic Petroleum, Std. v. Third Finance Corp.*, 411 P.2d 492, 495 (Okl.1966).

5. *Peyton v. McCaslin*, 417 P.2d 316, 320 (Okl. 1966); *Ferguson v. Gulf Oil Corp.*, 192 Okl. 355, 137 P.2d 940, 942 (1943); *Mosier v. Walter*, 17 Okl. 305, 87 P. 877 (1906).

tering the relief, the fundamental priority is that of restoration of the parties to the status quo by an equitable adjustment of their interests under the circumstances of the case.[6] When a court of equity obtains jurisdiction of a proceeding for rescission or cancellation, it retains jurisdiction for the purpose of adjusting all rights and claims of the parties emanating from the transaction. The rationale for this rule is to leave nothing for future litigation which can be dispensed with by the court in the exercise of its equitable powers.[7]

█ The equitable nature of rescission has been recognized and codified by 15 O.S. 1971 §§ 231–235. The trial court specifically found the appellee failed to meet the requirements of 61 O.S.Supp.1975 § 105 which failure caused, at least in part, appellant's right to rescind its contract. Considering though the Board's failure to specifically include the requirement of the equipment, to carry four conversations, in the bidding documents, the trial court applied its equitable power under § 233B in restoring the parties to their status quo. We find that § 233B was properly applied by the trial court.

## II

█ Attorney fees and costs were correctly assessed. Statutory authority, pursuant to 12 O.S.1971 § 936,[8] provides for the recovery of a reasonable attorney fee to be set by the court and taxed as costs in any civil action on a contract pertaining to the purchase or sale of goods, unless otherwise provided by law or precluded by the contract which is the subject of the action. This case involves a contract related to the sale of goods, and there is no assertion that a contrary provision in the contract or in

the statutes prohibit the award of attorney fees as costs. Although Commercial Communications did not receive all the relief it requested, it did receive a net judgment against the Board, and as such it was entitled to attorney fees as the prevailing party.[9]

AFFIRMED.

WILLIAMS, SIMMS, DOOLIN and HARGRAVE, JJ., concur.

LAVENDER, C. J., IRWIN, V. C. J., and BARNES and OPALA, JJ., dissent.

---

6. *Hayes v. Thornsbrough*, 180 Okl. 357, 69 P.2d 664 (1937); *Wright v. Jordan*, 161 Okl. 192, 17 P.2d 408 (1933).

7. See *Wright v. Jordan, supra. West v. Mandansky*, 80 Okl. 161, 194 P. 439 (1921).

8. It is provided by 12 O.S. 1971 § 936:
    "In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or

contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject to the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs."

9. See *Quapaw v. Varnell*, 566 P.2d 164, 167 (Okl.App.1977).