2011 OK CIV APP 53

**TWIN CREEK ESTATES, L.L.C., Plaintiff/Appellee,**

v.

**Gary TIPPS and Jacqueline, Tipps individually, Defendants/Appellants.**

No. 107,246.

Court of Civil Appeals of Oklahoma, Division No. 2.

March 30, 2011.

Blake Sonne, Sonne Law Firm, PLC, Norman, Oklahoma, for Plaintiff/Appellee.

Doug Friesen, Oklahoma City, Oklahoma, for Defendants/Appellants.

JOHN F. FISCHER, Judge.

¶ 1 Gary and Jacquelyn Tipps appeal the award of attorney fees to Twin Creek Estates, L.L.C. Because the Tipps have failed to show any error, we affirm.

## BACKGROUND

■ ¶ 2 Twin Creek filed this action to enforce restrictive covenants applicable to the real estate development in which the Tipps own property.[1] After numerous court hearings and mediation, the district court issued an order requiring the Tipps to submit the plans for the house they were constructing to Twin Creek for approval as required by the restrictive covenants. Twin Creek filed a motion for attorney fees; the Tipps filed a response, and the matter was set for hearing. The district court granted Twin Creek's motion. The Tipps filed a motion to set aside that order which was overruled. In this appeal, the Tipps argue that the district court erred in awarding attorney fees to Twin Creek because it was not the prevailing party.[2]

---

1. Twin Creek filed suit when it learned that the Tipps had applied for a building permit without first obtaining approval of their architectural plans for their home. The record on appeal shows that the substantial focus of the parties' dispute centered on the design of the Tipps's home and particularly the style of roof that would be permitted.

2. The Tipps also raise in their second proposition the correctness of the district court's denial of

## STANDARD OF REVIEW

■ ¶ 3 Because Oklahoma follows the American Rule, a prevailing party is not entitled to an attorney fee award unless authorized by contract, statute or some particular circumstance of the case. *City Nat'l Bank & Trust Co. v. Owens*, 1977 OK 86, 565 P.2d 4. This rule is "firmly established." *Barnes v. Oklahoma Farm Bur. Mut. Ins. Co.*, 2000 OK 55, ¶ 46, 11 P.3d 162, 180. "A trial court's attorney fees award is reviewed for abuse of discretion. An abuse of discretion occurs when a decision is based on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling." *Spencer v. Oklahoma Gas & Elec. Co.*, 2007 OK 76, ¶ 13, 171 P.3d 890, 895. The issue in this appeal concerns whether the attorney fee awarded to Twin Creek is authorized by statute. "A legal question involving statutory interpretation is subject to de novo review, i.e., a non-deferential, plenary and independent review of the trial court's legal ruling." *Heffron v. District Court of Oklahoma County*, 2003 OK 75, ¶ 15, 77 P.3d 1069, 1076.

## DISCUSSION

■ ¶ 4 Twin Creek relies on the Real Estate Development Act, 60 O.S.2001 §§ 851–857, as authority for the attorney fee award in this case. Section 856 provides:

Any person owning property in a real estate development shall be entitled to bring action against any other person owning property in such development to enforce any of the restrictions or covenants of the real estate development which are specified by the covenants or restrictions. In any action to enforce any restriction or covenant pursuant to the provisions of this section, the prevailing party shall be entitled to recover reasonable attorney's fees to be fixed by the court, which shall be taxed as costs in the action.

Twin Creek filed this suit to ensure that the home constructed by the Tipps conformed to the restrictive covenants applicable to this development in two respects. First, Twin Creek sought to enforce the covenant requiring approval of the architectural plans for the home. Second, it sought to enforce the requirement that only approved builders could construct homes in the development. The Tipps argue that Twin Creek is not the prevailing party because they were able to use the builder they had chosen despite Twin Creek's objection, and that the "only hearing [Twin Creek] truly won was the final hearing. . . ."

■ ¶ 5 It has been generally observed that the "definition of a prevailing party cannot narrowly be confined to one who obtains judgment after a trial on the merits." *Professional Credit Collections, Inc. v. Smith*, 1997 OK 19, ¶ 12, 933 P.2d 307, 311. In *Tomahawk Resources, Inc. v. Craven*, 2005 OK 82, 130 P.3d 222, the Supreme Court held that a formal judgment was not required before a prevailing party was entitled to attorney fees pursuant to 12 O.S.2001 § 936 because the word "judgment" was not included in the language of that statute. As with section 936, the word "judgment" does not appear in section 856. Further, it is not necessary that a party obtain all of the relief requested in order to be the prevailing party. *Commercial Commc'ns, Inc. v. State ex rel. Oklahoma Bd. of Pub. Affairs*, 1980 OK 93, ¶ 8, 613 P.2d 473, 476. " '[P]revailing party,' as a legal term of art, means the successful

their motion to set aside the attorney fee award. The totality of that argument is expressed in three sentences and contains no citation to any supporting authority. Issues not supported by argument and authority in the parties brief may be deemed waived. *In re Walker*, 1985 OK 2, ¶ 4, 695 P.2d 1, 1–2; Oklahoma Supreme Court Rule 1.11(k)(1), 12 O.S.2001, ch.15. app.1. Further, counsel argues in this proposition that his motion "should have been granted as a result of the affidavit of Tiffany Manning attached to the Motion (Exhibit IV). The record on appeal contains the motion to set aside filed on March 25, 2009. That motion does not refer to any exhibits or affidavits and no exhibit or affidavit is attached to the motion. Attached to counsel's brief in chief as Exhibit IV is an affidavit from Tifany Manning dated March 26, 2009. Not only is this attachment not authorized by Supreme Court Rule 1.11(i), but also it does not appear that the affidavit was attached to the motion presented to the district court. It is not the duty of the appellate court to make first-instance determinations of disputed issues of fact. *Bivins v. State of Oklahoma ex rel. Oklahoma Mem'l Hosp.*, 1996 OK 5, ¶ 19, 917 P.2d 456, 464. Consequently, we will not consider the Tipps second proposition of error.

party who has been awarded some relief on the merits of his or her claim." *Sooner Builders & Invs., Inc. v. Nolan Hatcher Constr. Servs., L.L.C.,* 2007 OK 50, ¶ 17, 164 P.3d 1063, 1069 (construing contract language providing for attorney fees to the prevailing party in any litigation concerning the contract).

¶ 6 Although the builder selected by the Tipps was permitted to construct their home, the district court's last order required the Tipps to submit their architectural plans for approval as required by the restrictive covenants. With respect to that aspect of its claim, Twin Creek clearly prevailed. The order awarding attorney fees to Twin Creek is affirmed.

## CONCLUSION

¶ 7 Twin Creek was successful in requiring the home constructed by the Tipps to conform to the architectural consistency for this development ensured by the restrictive covenants. To obtain that relief, Twin Creek prevailed in its suit to enforce the restrictive covenants. Title 60 O.S.2001 § 856 provides statutory authority for an award of attorney fees in this case.

¶ 8 The order of the district court from which this appeal was taken is affirmed. The application of Twin Creek for appeal-related attorney fees is granted, and the case is remanded to the district court for further proceedings to determine the appropriate fee award.

¶ 9 **AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS.**

BARNES, P.J., and WISEMAN, J., concur.