2013 OK CIV APP 77

**WHITEHALL HOMEOWNERS ASSOCIATION, INC.,**
Plaintiff/Appellee,

v.

**APPLETREE ENTERPRISE, INC., Chad Hui Zhu, Defendants/Appellants.**

**No. 110263.**

Court of Civil Appeals of Oklahoma, Division No. 2.

July 3, 2013.

Matthew L. Winton, Vaughn, Winton & Clark PLLC, Edmond, Oklahoma, for Plaintiff/Appellee.

Robert T. Keel, The Law Offices of Tuan A. Khuu & Associates, Oklahoma City, Oklahoma, for Defendants/Appellants.

JANE P. WISEMAN, Judge.

¶ 1 Appellants Appletree Enterprise, Inc., and Chad Hui Zhu appeal from an order awarding attorney fees and costs to Appellee Whitehall Homeowners Association, Inc. We find no error in the trial court's award and affirm its decision.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 Appellants own real property in the Whitehall Section 1 Addition of the City of Oklahoma City, and Appellee is the homeowners' association for the Addition. The Declaration of Covenants, Conditions, and Restrictions for the Addition provides, "All roofs on Structures shall be of such material as may be specifically approved by the Committee." Appellee alleged that "Committee's written and verbal course of dealing is to specifically approve only composite shingles of weathered wood color." Appellee filed a petition claiming Appellants violated the Declaration when they installed non-weathered wood colored shingles. Appellee also alleged that Appellants installed a window air conditioning unit without prior Committee approval. Appellee sought damages, attorney fees and costs, and injunctive relief to require Appellants to bring their lot into compliance with the Declaration.

¶ 3 The trial court found Appellants breached the Declaration when they failed to obtain the Committee's approval before installing shingles that were harvest brown in color and by failing to install weathered wood colored shingles. The court held that the appropriate remedy was "a mandatory injunction for removal of the harvest brown colored shingle and replacement with a weathered wood colored shingle."

¶ 4 In its journal entry of judgment, the trial court also awarded Appellee, as the prevailing party, $10,410 in attorney fees and $384 in costs against Appellants pursuant to 60 O.S.2011 §§ 852, 856 and *Twin Creek Estates, LLC v. Tipps*, 2011 OK CIV APP 53, 251 P.3d 756. Appellants appeal the trial court's award of attorney fees and costs but do not appeal the decision granting injunctive relief.

## STANDARD OF REVIEW

¶ 5 We apply *de novo* review when determining whether a party is statutorily entitled to an award of attorney fees. *Finnell v. Jebco Seismic*, 2003 OK 35, ¶ 7, 67 P.3d 339, 342.

## ANALYSIS

¶ 6 In their sole proposition of error briefed in their appellate brief in chief, Appellants state that "[u]nder the American rule, attorney fees may only be awarded if authorized by a specific statute or contract provision." [1] Appellants correctly state that the American Rule is followed in Oklahoma. "In Oklahoma, the right of a litigant to recover attorney fees is governed by the American Rule." *Barnes v. Oklahoma Farm Bureau Mut. Ins. Co.*, 2000 OK 55, ¶ 46, 11 P.3d 162, 178–79. The American Rule "provides that courts are without authority to award attorney fees in the absence of a specific statute or a contractual provision allowing the recov-

1. Appellants listed 10 issues to be raised on appeal in their amended petition in error, but only briefed one in their brief in chief. "Issues raised in the Petition in Error but omitted from the brief may be deemed waived." Oklahoma Supreme Court Rule 1.11(k)(1), 12 O.S.2011, ch. 15. app. 1.

ery of such fees, with certain exceptions." *Id.* at ¶ 46, 11 P.3d at 179.

■ ¶ 7 Appellants state that Appellee relied on 60 O.S.2011 § 856 of the Real Estate Development Act as the statute supporting the attorney fee award. Section 856 provides:

Any person owning property in a real estate development shall be entitled to bring action against any other person owning property in such development to enforce any of the restrictions or covenants of the real estate development which are specified by the covenants or restrictions. In any action to enforce any restriction or covenant pursuant to the provisions of this section, the prevailing party shall be entitled to recover reasonable attorney's fees to be fixed by the court, which shall be taxed as costs in the action.

Appellants claim "Appellee has not met its burden to show § 856 allows the Court to award attorney fees or costs to anyone other than a person." Appellants assert that "[a] homeowners association is not a person." We are not persuaded.

¶ 8 Title 25 O.S.2011 § 16 provides: "The word 'person,' except when used by way of contrast, includes not only human beings, but bodies politic or corporate." This definition of "person" applies to Appellee, and Appellee is therefore not precluded from seeking and recovering attorney fees because it is not a "person." Because Appellants' sole argument that § 856 does not support the award of attorney fees or costs is based on its assertion that Appellee is not a person, we conclude that Appellants have failed to show that the trial court erred in awarding attorney fees and costs to Appellee.

¶ 9 Further, as Appellee argues in its appellate brief, § 855 of the same Real Estate Development Act provides that "recorded owners of separately owned lots in the real estate development" shall comprise the membership of a homeowners' association and that the owners' association "may also enforce the covenant [*sic* ] and restrictions of the real estate development when specified by the covenants and restrictions." Appel-

lee's assertion in its motion for attorney fees that pursuant to the covenants filed with the County Clerk of Oklahoma County, Appellee is entitled to an attorney's fee is not rebutted by Appellants.[2] Reading the language in § 855, allowing an association to enforce such covenants, together with the language of § 856, allowing attorney fees to the prevailing party "[i]n any action to enforce any restriction or covenant pursuant to . . . this section," we see no basis on which to conclude that Appellee is not a "person" entitled to recover attorney fees as the prevailing party. The decision in *Twin Creek Estates, LLC v. Tipps,* 2011 OK CIV APP 53, 251 P.3d 756 (upholding an attorney fee award under § 856 to a real estate development as the prevailing party in an action to enforce restrictive covenants) is persuasive—§ 856 provides statutory authority for the award of attorney fees in this case to the prevailing party.

## CONCLUSION

¶ 10 Title 60 O.S.2011 § 856 provides statutory authority for the award of attorney fees sought by Appellee, and 12 O.S.2011 § 942 provides statutory authority for the recovery of Appellee's costs. Appellants have failed to show that the trial court erred in its judgment granting attorney fees and costs to Appellee. Accordingly, we affirm the decision of the trial court.

¶ 11 **AFFIRMED.**

BARNES, V.C.J., and FISCHER, P.J., concur.

---

2. The covenants as contained in the Declaration do not appear in the appellate record.