YARBROUGH et al. v. BELLAMY.

No. 32264. Sept. 24, 1946.

*172 P. 2d 801.*

R. N. Linville, of Elk City, for plaintiffs in error.

Melrose Minton, of Sayre, for defendant in error.

HURST, V.C.J. This is an action by the plaintiff, Pinkie Bellamy, against her daughter, Drewree Yarbrough, defendant, to cancel a deed covering four lots in Elk City and to quiet plaintiff's title to the lots. There are two buildings on the lots suitable for residence purposes, one a duplex and the other a one-family residence property. The deed in question was executed on November 10, 1930, while the plaintiff and defendant resided in New Mexico, and was recorded on March 30, 1944. This suit was filed on July 5, 1944. A. L. Yarbrough, husband of the defendant, filed a plea of intervention in which he denied the allegations of the plaintiff's petition and asserted that the property in question constituted the homestead of himself and his wife. The record discloses that the plaintiff and defendant moved to New Mexico about 1928 and resided there until about 1934, when they returned to Elk City.

The issue made by the pleadings and evidence is whether the deed in question was ever delivered so as to be effective as a conveyance.

The plaintiff testified that on the advice of the attorney who drew the deed, she did not deliver it to the defendant, and that she kept it in her trunk, where it remained until about March, 1944, when the defendant, or someone for her, wrongfully took possession of the deed without her knowledge or consent and caused it to be recorded. Her testimony was corroborated by that of many witnesses. The testimony in her behalf is to the effect that from the time the deed was executed in 1930 until in 1934, when she returned to Elk City, plaintiff kept the property rented and collected the rents and that since she returned to Elk City in 1934, she has occupied the one house as her home until the spring of 1944, when she was committed to the hospital for the insane on the petition of her daughter, where she remained some three months; that she has kept the duplex rented and collected the rents; that about half the time since 1934, the daughter lived with her in the property and the rest of the time the daughter lived elsewhere with her husbands, it appearing that the daughter has been married several times during this period of time; that plaintiff has kept the property insured against fire, hail, and tornado, the policies being taken in her own name, and has collected losses under the insurance policies; that the property has been assessed and she has paid taxes, in her name; that she has bought lumber to repair the buildings and paid for the carpenter work; that she claimed, and has been allowed, homestead exemptions on the property, and on one occasion the daughter signed for her the claim for the homestead exemption; that in making her claim for old-age assistance, she advised the authorities of her ownership of the property, asserting that part of the property was her home and the other part was rental property (these statements were against her interest, 56 O.S. 1941 § 165); that after the plaintiff was sent to the hospital at Ft. Supply, the defendant told certain persons that she did not know where the deed was but that she consulted a fortune teller and thereby located the deed; that she stated to the county judge, while her mother was in the hospital, that if her mother was restored to sanity, she would reconvey the property to her.

The defendant testified that she was present when the deed was prepared and that it was delivered to her immediately after it was executed and she gave her mother one dollar as consideration for the deed; that she has ever since retained custody of the deed and has kept it in her small safety box, which she kept part of the time at her home and part of the time in the bank. The defendant's testimony was corroborated by that of Mrs. Ellen Haddock, who testified that in 1933 the defendant sent her to the bank in Elk City to get the deed and an insurance policy, which she procured and kept for about two weeks for the defendant while she was very ill, and that on one occasion the plaintiff told her that the property belonged to the defendant. Mr. Yarbrough, intervener and husband of the defendant, was called as a witness and an offer was made to prove by him that about 1942 he and the plaintiff and the defendant had a conversation in the home and during the conversation the defendant procured the deed from her small safety box and the three looked it over. The court sustained an objection to this offer of proof.

The court was not asked to make specific findings of fact and conclusions of law, and made none, but found the issues generally for the plaintiff and entered judgment accordingly. From that judgment, the defendant and intervener appeal.

The appellants make two contentions: (1) That the court committed reversible error in rejecting the offer of proof made by intervener, and (2) that the judgment is clearly against the weight of the evidence. The appellants cite no authorities in support of the first contention, and cite, in support of the second contention, 18 C.J. 418, 419, Shintaffer v. Rorem, 167 Okla. 647, 31 P. 2d 559; and Simler v. Simler, 168

Okla. 288, 32 P. 2d 876. These questions are so closely related that they will be considered together.

It must be borne in mind that the cause was tried to the court without the intervention of a jury, and that it is one of equitable cognizance, and consequently the judgment will not be disturbed on appeal unless it is clearly against the weight of the evidence. Travis v. McCully, 186 Okla. 378, 98 P. 2d 595.

The rule is that where there is a dispute as to whether a deed has been delivered, the question is one of fact to be determined from the facts and circumstances peculiar to each case. Simler v. Simler, above; Maynard v. Husted, 185 Okla. 20, 90 P. 2d 30; 16 Am. Jur. 512; 18 C.J. Deeds § 95; 26 C.J.S. Deeds § 41.

Another pertinent rule is that, under the harmless error statutes, 12 O.S. 1941 §§ 78, 636, and 22 O. S. 1941 § 1068, a judgment will not be reversed for error in the admission or rejection of evidence where it does not appear to the court, after an examination of the entire record, that the error complained of has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right. Empire Oil & Refining Co. v. Fields, 188 Okla. 666, 112 P. 2d 395; Swearingen v. Oldham, 195 Okla. 532, 159 P. 2d 247.

After considering and weighing the evidence introduced by both parties, we are of the opinion, and hold, that the judgment is in accordance with the weight of the evidence, and hence is not, as appellants contend, clearly against the weight thereof.

The rejected offer of proof is before us, and in reaching the conclusion which we have reached we have considered and weighed the rejected offer as though it had been admitted. The rejected evidence was of similar import to the testimony of Mrs. Haddock, who had no apparent interest in the outcome of the case. It is, therefore, unnecessary to determine whether the proffered evidence was inadmissible under 12 O.S. 1941 ·§ 385(3).

The authorities cited by the appellants are not contrary to these views. The citations from Corpus Juris stand for the rule·that when a deed has been recorded or is found in the possession of the grantee, the presumption obtains that the deed has been delivered, and the burden of proof rests upon the grantor to overcome the presumption. Here the grantor assumed the burden of proof and sustained it. The case of Shintaffer v. Rorem is authority for the rule that, where the deed has been delivered, the same will not be rendered inoperative by the mere fact that the grantor remains in possession of the property. But, the fact that the grantor remains in possession of the property is a ·circumstance tending to negative delivery where the question of delivery is in dispute. Maynard v. Taylor, 185 Okla. 268, 91 P. 2d 649; 16 Am. Jur. 513. The case of Simler v. Simler, in holding that the finding of the trial court in a suit for cancellation of a deed will not be disturbed on appeal unless it is clearly against the weight of the evidence, is in harmony with our views, the only difference being that there the trial court found that the deed had been delivered, while here the trial court found that the deed was not delivered.

Judgment affirmed.

GIBSON, C.J., and RILEY, OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.