O'NEAL v. TURNER et al.

No. 32255. Oct. 1, 1946.

*172 P. 2d 1013.*

Frank Petree and L. A. Pelley, both of Altus, for plaintiff in error.

L. B. Yates and W. C. Austin, both of Altus, for defendants in error.

HURST, V.C.J. This is an action by Susan O'Neal, widow of E. T. O'Neal, deceased, to cancel two deeds, one covering 480 acres of land to the daughter of decedent and one covering 160 acres of land to the two minor children of his daughter. From a judgment in favor of the defendants (the daughter and two children), the plaintiff has appealed.

The record discloses that on July 5, 1938, Mr. O'Neal was very ill and desired to make disposition of his property. He discussed the matter with P. H. Phillips, a business adviser, and told him that he desired to convey his land covered by the deeds to his daughter and grandchildren and he asked Mr. Phillips to advise him how he could accomplish his purpose. Mr. Phillips advised him that he should consult an attorney. Mr. Phillips then discussed the matter with L. B. Yates, an attorney. Mr. Yates and Mr. Phillips then went to the home of Mr. O'Neal and Mr. Yates advised Mr. O'Neal that, in order to make the deeds effective, it would be necessary for them to be delivered and filed. Mr. O'Neal asked Mr. Yates to do what was necessary to make the deeds effective. The deeds were drawn and executed and Mr. Phillips, at the request of Mr. O'Neal, caused the deeds to be recorded, and returned to him by Mr. Phillips after they were recorded. The daughter and grandsons then resided in Houston, Tex. On the day the deeds were drawn and executed, Mr. O'Neal had a will drawn, which he executed and under which he devised to plaintiff one-third of the homestead, consisting of 160 acres of land, describing it, one-third of his personal property, and one-third of all of the lands owned by him at the time of his death, and he devised to his daughter the remaining two-thirds interest in the homestead and other property. The will recited: "I hereby ratify and confirm the deeds executed by me today to my daughter and two grandsons." The lands covered by the deeds were not described or otherwise mentioned in the will. It does not appear that the deeds were physically delivered to the daughter and grandchildren until after the death of Mr. O'Neal, which occurred on January 5, 1944, but they were retained by Mr. O'Neal. Between the time the deeds were executed and the death of Mr. O'Neal, he farmed the land covered by the deeds, carried insurance on the buildings, and otherwise managed and controlled the lands. During 1943, Mr. O'Neal told a Mr. Preston about having conveyed certain of the land to his daughter and that he had quit working for himself and was working for his children.

1. At the trial the plaintiff made this offer of proof:

"We offer to prove by this witness, Mrs. E. T. O'Neal, that E. T. O'Neal, subsequent to the date he executed the deeds in question, and the will, made the statement to Mrs. E. T. O'Neal that he had his property fixed so that no one could get hold of it so long as he lived."

The court sustained an objection to the offer because the witness was an incompetent witness to testify to such communication. The plaintiff argues that the rejection of the evidence was erroneous and prejudicial to her rights. We do not agree. The plaintiff acquired title to her cause of action immediately from her deceased husband by inheritance. The defendant, Elsie Turner, was executrix of the last will and testament of decedent, and she and the other defendants were the assignees (grantees) of decedent. The offer of proof was in respect to a communication had personally between the plaintiff and the decedent. Therefore, plaintiff was an in-

competent witness under the plain language of 12 O.S. 1941 §384.

2. The next question presented is whether the deeds were delivered so as to be effective to vest title in the grantees. The plaintiff contends that, under the facts above outlined, there was no delivery. The defendants contend that said facts show an intention on the part of the grantor to vest a present title in them as grantees, and that the finding of the court in their favor is not clearly against the weight of the evidence.

It is clear that there must be a delivery of a deed in order for it to be effective to vest a present title in the grantee, but it is not clear as to just what acts will constitute a delivery. The question is largely one of intention to be gathered from the facts and circumstances of each case. Johnson v. Craig, 37 Okla. 378, 130 P. 581. While the recording of a deed by the grantor does not necessarily constitute a delivery, it may do so if the grantor so intends. King v. Antrim Lumber Co., 70 Okla. 52, 172 P. 958, 4 A.L.R. 21; 8 R.C.L. 1006; 16 Am. Jur. 513, 514; 18 C.J. 207, §110; 26 C.J.S. 245. The fact that, after the deeds were recorded they were returned to the grantor and retained by him, does not necessarily negative the fact of delivery, especially in view of the fact that they were voluntary deeds in favor of his only child and grandchildren. 8 R.C.L. 1009; 16 Am. Jur. 515, §137; 26 C.J.S. 246, §44.

The record is silent as to why Mr. O'Neal decided to make such an unequal distribution of his property. It does not disclose whether he had accumulated his property prior to his marriage to appellant. It does disclose that he and the appellant had been married but 17 years.

When proper consideration is given to the fact that Mr. O'Neal wanted the deeds to become effective during his lifetime and he did what he was advised would have that effect, and to the fact that the deeds and will were made at the same time, thus indicating that he wanted part of his property to go by deed and part by will, and to the fact that he confirmed the deeds in his will, and to the fact that he told Preston that he had conveyed a certain tract of the land to his daughter and that he was working for his children, and to the fact that he did not try to repudiate the transaction, we cannot say that the finding of the trial court that the deeds were delivered with the intention that they take effect during his lifetime is clearly against the weight of the evidence. In reaching its decision, we must assume that the trial court gave proper consideration to the fact that the grantor farmed the land and kept the improvements thereon insured and otherwise managed it from the time the deeds were executed until his death.

Judgment affirmed.

GIBSON, C.J., and RILEY, BAYLESS, and WELCH, JJ., concur.