McKEEVER v. PARKER et al.

No. 33924.  Dec. 26, 1950.

226 P. 2d 425.

Harry O. Glasser, of Enid, and Kenneth Sperry, of Long Beach, Cal., for plaintiff in error.

Elam & Crowley, of Enid, for defendants in error.

HALLEY, J.  This is an action by Douglas McKeever, as administrator of the estate of Fred C. Parker, deceased, against Alma H. Parker and others, to quiet title to certain real estate in the city of Enid, Oklahoma.  At the conclusion of plaintiff's evidence, the defendants demurred or moved for judgment on plaintiff's evidence.  This motion was sustained and judgment rendered for defendants.  Plaintiff has appealed, and we shall refer to the parties as they appeared in the trial court.

Fred C. Parker was first married to Nora M. Parker, who died in 1902, leaving as her sole heirs her husband, Fred C. Parker, and one daughter, Naomi Parker (now Hanbery), to whom the estate of Nora M. Parker was distributed in equal shares.  Fred C. Parker then married Alma H. Parker, who joined with her husband and Naomi Parker in conveying the real estate so distributed to Fred C. Parker and Naomi Parker for a consideration of $10,000.  Naomi Parker received one-half of this sum and Fred C. Parker the remaining one-half.  With the cash so received for his interest, he appears to have purchased, in January, 1917, the land involved in this action, which was occupied by him and his wife and daughter as a homestead until 1922, when Naomi Parker married a Mr. Hanbery and moved to California, where she has since resided.

On July 31, 1917, Fred C. Parker executed a deed to his second wife, Alma H. Parker, conveying to her the land involved, which was then being occupied as their homestead.  On November 13, 1933, this deed was filed

for record. This was some sixteen years after the date of its execution. It is not shown definitely who filed the deed for record. Fred C. Parker had become ill in July, 1933. His condition became very serious in November, and he died on November 19, 1933. His mental faculties were impaired and the testimony as to his competency to transact business on November 13, 1933, the date the deed in question was filed for record, is not very definite. Dr. McEvoy, who treated him in his last illness, refused to testify definitely that he was incompetent to transact business on November 13 and November 14, 1933.

While there is no proof in the record to show that the deed was delivered to the grantee at the time of its execution, July 31, 1917, plaintiff claims that it was never in fact delivered. This contention was based principally upon the fact that it was not filed for record until almost sixteen years after its execution, and the alleged mental incompetency of the grantor at the time it was filed for record.

It is well established that delivery of a deed is an essential requirement to pass title. If the deed of Fred C. Parker was not in fact delivered to Alma H. Parker, she acquired no title to the land in controversy, and the daughter, Naomi Hanbery, inherited an undivided one-half interest therein, subject to the homestead rights of Alma H. Parker. If the deed was in fact delivered, then Alma H. Parker acquired thereby title to the land. If the deed was delivered at the time of its execution, then the mental condition of Fred C. Parker at the time of its recordation is immaterial.

The records of the county treasurer showed that from 1917 to 1933, the ad valorem taxes were assessed in the name of Fred C. Parker, or "Parkes", or "Parks", and the insurance on the improvements was likewise carried in his name until the deed to Alma H. Parker was recorded in 1933. He and his wife executed two mortgages on the land in question prior to the recording of the deed, and it is argued that because his name appears first in these instruments, he did not intend to deliver the deed in question to Alma H. Parker or to vest title thereby in her. We see no merit in this contention. We know of no rule of law which places any significance upon the question of whose name appears first in the body of or at the end of a written instrument, where the grantors are husband and wife. These mortgages were executed to C. E. Gannon, who as notary public took the acknowledgment to the deed of Fred C. Parker to Alma H. Parker in 1917.

In 1937, Alma H. Parker mortgaged the land in controversy to Garfield County Building & Loan Association, and she later contracted to sell the land to H. B. Van Scyoc, which caused these parties to be made parties defendant in the present action.

Alma H. Parker filed an action to quiet title on February 8, 1947, against any claim of Naomi Parker Hanbery. That action was later dismissed. The present action was commenced by Douglas McKeever as administrator of the estate of Fred C. Parker, deceased, on July 17, 1947, upon the direction and authority of the county court, under section 252, 58 O.S. 1941. It should be kept in mind that the burden of proving that the deed in question was never in fact delivered is here assumed by ne rests squarely upon the plaintiff, and that such proof must be by clear and convincing evidence.

Alma H. Parker alleges in her answer that the deed was "made, executed and delivered" on July 31, 1917. It was dated and acknowledged by the grantor on that date. It is not disputed that it was filed for record on November 13, 1933, and that the clerk was instructed that the party filing the deed would "call" for it instead of having it mailed. In his brief, the plaintiff speaks of Alma H. Parker's having filed the deed, which might be construed as an admission against inter-

est, but there is no evidence that she herself filed the deed. It will be noted that this action was not commenced until 1947. The court held that Mrs. Hanbery had waited too long to begin her action to have the deed set aside, and that her claim was "stale in equity". The court further found that Mrs. Hanbery was chargeable with notice of the recordation of the deed in 1933.

Plaintiff contends that the findings and judgment of the trial court are not sustained by the evidence, but are against the weight of the evidence and contrary to law. He also complains of the order of the court overruling his motion for a new trial.

Plaintiff admits that the due execution and recordation of a deed is "prima facie evidence of its delivery" as stated in section 187, 26 C.J.S., Deeds, p. 598, but calls attention to that same section, wherein it is also said:

" . . . There is, however, no presumption of the delivery of a deed where it is not recorded until long after its date."

The only case cited in support of the last-quoted sentence is Larrison v. Taylor, 83 Colo. 430, 266 P. 217. The facts in that case are so different from those here under consideration that we do not deem it as an authority sustaining the statement that the presumption of delivery is destroyed by the failure to record a deed for a long period of time after the date of its execution.

We think the above-quoted statement was not intended to mean that delay in recording completely negatives delivery at date of execution where grantee is shown to have possession and to have filed the deed for record, even after a long delay, in the absence of any evidence showing that the deed was not delivered to the grantee and not intended to be delivered to the grantee. We conclude that the facts and circumstances in the record before us clearly support the presumption that the deed was delivered to Alma H. Parker, and that plaintiff's evidence fails to overcome such presumption. See Yarbrough et al. v. Bellamy, 197 Okla. 493, 172 P. 2d 801; Shaffer v. Smith, 53 Okla. 352, 156 P. 1188; Abrams v. Neal, Adm'r, 178 Okla. 158, 61 P. 2d 1103; 18 C. J., Deeds, p. 418; 26 C.J.S., Deeds, p. 594.

Considerable stress is placed upon the fact that after Fred C. Parker executed the deed in 1917, he continued to manage and control the land as if it were his own. This same question arose in Re Griffin's Estate, 199 Okla. 676, 189 P. 2d 933, where a similar state of facts existed, and we held that the presumption of delivery was not overcome.

There is no testimony as to where the deed was kept during the sixteen years it remained unrecorded. In the absence of such proof, we must assume that it was in the possession of the grantee. There is a complete absence of evidence showing why the deed was not recorded sooner, or why it was filed for record on November 13, 1933. We attach no significance to the fact that whoever filed the deed for record advised the clerk that it would be called for after recording.

Considerable stress is placed by the plaintiff upon the failure of Mrs. Parker to take the witness stand, despite the fact that she attended the trial and could have been called as a witness by either party. Under section 384, 12 O.S. 1941, Mrs. Parker was prohibited from testifying as to any transaction or communication with Mr. Parker, her deceased husband, because the opposing party was the administrator of the estate of Fred C. Parker. After the court sustained the demurrer of the defendants to the evidence of the plaintiff, there was no occasion for the defendants to introduce any evidence whatever.

It is urged that great weight should be given to the fact that the deed was filed while the grantor was mentally of doubtful competency. We do not think so. There could be many reasons why it was not filed before. No definite

time for recording is provided by law in order for a deed to be effective as between grantor and grantee. We have carefully examined the evidence and do not find it sufficient to support the claim that Fred C. Parker was mentally incompetent to transact business on November 13, 1933, the date when the deed was filed for record.

A review of the record shows conclusively that the trial court permitted considerable incompetent and irrelevant evidence to be introduced. The court stated that he was aware of what was competent and what was incompetent, and would give no consideration to any incompetent evidence. There is no evidence in the record to prove that Mr. Parker ever had the deed in his possession or under his control after the date of its execution and acknowledgment. There is no evidence of any expression by Mr. Parker that he had withheld delivery of the deed to his wife. There is no evidence of any disagreement between him and his wife as to the deed or its delivery. We can find no evidence to prove that he intended that his deed do other than what it expresses on its face—that is, to vest title to the home in his wife. The burden was upon the plaintiff to establish nondelivery. It is admitted that Alma H. Parker filed the deed for record, and there is no testimony to show that the grantor ever had the deed in his possession or under his control after the date of its execution and acknowledgment.

The judgment of the trial court is affirmed.