## HOUTS v. MONTES et al.

No. 33942.   March 6, 1951.

*228 P. 2d 651.*

216

Houts & Houts, Alva, for plaintiff in error.

Mauntel, Spellman & Doolin, Alva, for defendants in error.

ARNOLD, C. J. This is an action to quiet title and for partition. Defendant Gertrude Bonesteel, formerly Gertrude Skinner, cross-petitioned asking that a deed given by her to her son, Clarence Skinner, now deceased, for an undivided one-third interest in the land involved upon which plaintiff based his title to the major portion of the interest claimed by him in the land, be canceled and title to the interest conveyed by said deed be quieted in her.

The estate of George Skinner was probated and the land here involved was distributed on April 17, 1917, as follows:

Gertrude Skinner, the widow, an undivided one-third. Nathan Skinner, a son, an undivided one-twelfth. Clarissa Doring, a daughter, an undivided one-twelfth. Violet Seedberry, a daughter, an undivided one-twelfth. Eva Skinner, a daughter, an undivided one-twelfth. Clarence Skinner, a son, an undivided one-twelfth. Joseph Skinner, a son, an undivided one-twelfth. Velza Skinner, a daughter, an undivided one-twelfth. Dorothy Skinner, a daughter, an undivided one-twelfth.

Gertrude Skinner, the widow, was entitled to a probate homestead in the land which she exercised for several years though same was not decreed.

Gertrude Bonesteel testified that she had a deal with her son Clarence whereby Clarence was to pay the taxes then accrued and to accrue on the land herein involved; that in consideration of his promise to pay said taxes she was to and did voluntarily execute and record a deed to him to her interest in the land; in one instance she testified that the deed was mailed to her in care of Clarence; in another instance she testified that it was mailed to Clarence in care of her; in another instance she testified that Clarence gave the deed back to her saying he did not want it; in another instance she testified that he never had it in his possession; in one instance she testified that Clarence was about 24 years old when she made the deed to him, but when confronted with probate records showing to the contrary she admitted that he was 19 years old at that time; in one instance she testified that he only paid one-half year's taxes after receiving the deed, but when confronted with receipts of the county treasurer her counsel stipulated that Clarence had paid two years' taxes. She further testified that another son, Joseph, paid all the taxes for all the other years and that she had never paid any taxes.

There is no testimony in the record showing any special arrangement between Gertrude Snyder and her son Joseph to pay the taxes after the alleged refusal of Clarence to continue paying them, nor is there any testimony in the record showing that there was no arrangement between Clarence and Joseph as to the payment of the taxes by Joseph.

The county clerk testified that the records of his office showed that the deed was delivered to Clarence; that when a deed was presented to be recorded his office always asked to whom the deed was to be sent after being recorded, and entry accordingly is put on the receiving record. Then Clarence's widow testified that the deed was in the possession of Clarence up until his death and thereafter in her possession until destroyed by the fire which destroyed her home.

The trial court found that Gertrude Bonesteel, formerly Gertrude Snyder, formerly Gertrude Skinner, had abandoned her homestead in the property here involved in 1946; that there was no proof that Clarence "ever received or accepted the conveyance or took advantage of it or claimed possession of the property"; that plaintiff "pur-

chased his interest in said real property from one of the heirs at law of the said Clarence Skinner, deceased, for a good and valuable consideration and without actual knowledge of any defect in his grantor's title"; that no consideration passed from Clarence Skinner to his mother for the deed to Clarence. The court made no finding as to whether Clarence redelivered his deed to his mother.

The court concluded as a matter of law that plaintiff stood in the same position, having taken his deed from an heir of Clarence Skinner, as that which would have been occupied by Clarence if he were the plaintiff and that the plaintiff was subject to the same defenses as Clarence would have been subject to. In accordance with this conclusion of law the court rendered judgment canceling the deed from mother to son without specifically stating the reason therefor, and ordered partition on this basis.

The finding of the court that there was no proof that Clarence ever received the deed is clearly incorrect and its finding which inheres in the judgment canceling the deed that there was no physical delivery of the deed to Clarence is clearly against the weight of the evidence.

Possession by the grantor of a deed to a minor child voluntarily made and recorded by an adult grantor constitutes delivery to the grantee unless a contrary intention clearly appears. 16 Am. Jur., Deeds, §§135, 136, 137, 151; Matson v. Johnson, 48 Wash. 256, 93 P. 324, 125 Am. St. Rep. 924; Tobin v. Bass, 85 Mo. 654, 55 Am. Rep. 392; O'Neal v. Turner, 197 Okla. 527, 172 P. 2d 1013; Anno. 129 A.L.R. 21-25, 38-41. The evidence on behalf of Gertrude Bonesteel does not clearly show that she had no intention to vest title in her son Clarence and it is not contended that it does. If she received the deed from the Register of Deeds and Clarence never possessed it, her possession constituted delivery.

Redelivery of a recorded deed by grantee to his grantor does not revest title in the grantor. 16 Am. Jur., Deeds, §354; Valley State Bank v. Dean et al., 97 Colo. 151, 47 P. 2d 925; 8 R. C. L. 1022; Howe et al. v. Martin et al., 23 Okla. 561, 102 P. 128, 138 Am. St. Rep. 840.

According to the testimony of Gertrude Bonesteel, and there is no other evidence on the point, the consideration for the execution of the deed from her to her son Clarence was the promise of Clarence to pay the taxes thereafter accruing on the whole tract of land. This consideration claimed by Gertrude Bonesteel flowed to her benefit. It makes no difference that Joseph paid a part of the taxes. Her contention that there was a failure of consideration cannot be sustained, and the court's finding that there was a want of consideration is clearly erroneous. Where it is claimed that the consideration for the execution and delivery of a deed is the promise of the grantee to pay accruing taxes and the evidence shows the taxes were paid, part by grantee and part by another, there is no failure of consideration. See Calkins v. Calkins, 220 Ill. 111, 77 N.E. 102; Ripperdan v. Weldy, 149 Cal. 667, 87 P. 276; Washington v. Morton, 90 Okla. 142, 216 P. 457; Bush v. Bush, 142 Okla. 152, 286 P. 322.

The judgment of the trial court is reversed, with instructions to enter judgment upholding the validity of the deed in question and quieting title in plaintiff for the interest expressed in his deed and decreeing partition.

LUTTRELL, V. C. J., and DAVISON, HALLEY, JOHNSON, and O'NEAL, JJ., concur. CORN and GIBSON, JJ., dissent.