## WASSON v. COLLETT et al.

No. 34042.   April 10, 1951.

*230 P. 2d 258.*

W. A. Barnett, Okmulgee, for plaintiff in error.

Tom Payne, Okmulgee, for defendants in error.

HALLEY, J. This case is an appeal from the district court of Okmulgee county, and involves the title to 40 acres of land. Trial was to the court without a jury. Judgment was rendered for the plaintiffs, and defendant appeals.

The evidence discloses that Clyde Tedlock died intestate, leaving the said 40 acres, which descended to his widow, Neva Lou Tedlock, and his two daughters, the plaintiffs in this case.

On the 6th day of January, 1945, Neva Lou Tedlock and Otis Wasson, the defendant in this action, were married. On January 4, 1945, Neva Lou Tedlock executed a warranty deed conveying the 40 acres to the plaintiffs. This deed reserved a life estate in Neva Lou Tedlock, the grantor. The evidence is undisputed that Neva Lou Wasson and the defendant lived on the premises after their marriage on the 6th day of January, 1945, until the death of Neva

Lou Wasson on May 2, 1948, and that the deed was recorded five days after the death of Neva Lou Wasson.

Claudia Collett testified that she is the daughter of Neva Lou Wasson and the sister of Sybil Lambillotte; that she and her sister are in possession of the deed to the land involved, which she identified; that said deed has been in the actual possession of her sister since January 4, 1945.

Sybil Lambillotte testified that she is in possession of the deed, which she identified, and has had possession of it since January 4, 1945.

The deputy assessor of Okmulgee county, Oklahoma, testifying for defendant, identified three applications for homestead exemption for the years 1946, 1947 and 1948, respectively, made by Mrs. Otis Wasson, covering the 40 acres in question.

By stipulation, the proceedings in the probate court showing Otis Wasson to have been appointed administrator of the estate of Neva Lou Wasson, deceased, were established. Also by stipulation, a marriage certificate showing Neva Lou Wasson and Otis Wasson to have been married on the 6th day of January, 1945, was established.

Alex Frew, a tenant, testified that he rented the land involved from Mrs. Otis Wasson for pasture for the years 1946, 1947, and 1948, and paid her the rentals. Defendant also introduced in evidence a petition filed December 5, 1946, and a journal entry of judgment entered January 22, 1947, quieting title to the 40 acres in question in Neva Lou Wasson and the plaintiffs against Lizzie Pigeon and her unknown heirs, wherein it was adjudged that Neva Lou Wasson and the plaintiffs each had an undivided one-third interest in and to the said property.

Defendant joins his argument in two general propositions, grouping the seven assignments of error in the petition in error in these two classifications. For his first proposition he argues that there is no evidence of a delivery of the deed. In support of this proposition he cites several cases, among them Blackwell v. Lee, 160 Okla. 73, 15 P. 2d 574; Nobell v. Beaver, 133 Okla. 247, 271 P. 420; Louthan v. Johnson, 111 Okla. 170, 239 P. 173; and Johnson v. Craig, 37 Okla. 378, 130 P. 581. We have studied these cases and find that they are not decisive of the case at bar. In Blackwell v. Lee, supra, there was a reservation of the entire title until the death of the grantor. In Nobell v. Beaver, supra, the conveyance provided that it should be void until the death of the grantor. The remaining cases likewise can be distinguished readily.

Generally, the possesson of a deed by the grantee named therein or by one claiming under him is prima facie evidence of its delivery and acceptance. 8 R.C.L., page 999. We said in Abrams v. Neal, Adm'r, 178 Okla. 158, 61 P. 2d 1103, that the burden rested on the party disputing the delivery of the deed to establish nondelivery. This presumption in favor of delivery due to possession is rebuttable. We reiterated this statement in McKeever v. Parker, 204 Okla. 1, 226 P. 2d 425, a recent case in which the facts were very similar to those in the case under consideration.

In Smith et al. v. Noble, 174 Ky. 15, 191 S.W. 641, the syllabus states:

"If one to whom an instrument is executed is in possession of it, a presumption will arise in favor of its delivery which can be rebutted only by clear and positive evidence to the contrary."

The opinion contained the following statement:

"This presumption not only applies with reference to the delivery of the deed or other instrument affecting the title, but extends further, so as to include the further presumption that the delivery was made as of the date which the instrument bears. McConnell v. Brown, Litt. Sel. Cas. 459; Ford v. Gregory's Heirs, 10 B. Mon. 180; Alex-

362

ander v. De Kermel, 81 Ky. 345; Shoptaw v. Ridgeway, 60 S.W. 723, 22 Ky. Law Rep. 1495."

In Malaney v. Cameron, 98 Kan. 620, 159 P. 19, another case with much the same facts as the case at bar, a similar conveyance was sustained, and the syllabus states:

"The presumption of delivery arising from the possession of a deed by a grantee arises even in the absence of evidence that such possession was obtained prior to the death of the grantor."

See, also, 26 C.J.S., Deeds, §204, sub. (g).

We are of the opinion here that the evidence sustained the finding that there was a delivery of the deed.

It is finally argued that the evidence introduced showed an intention on the part of the grantor to retain title. Among the cases cited on this point is Snodgrass v. Snodgrass, 107 Okla. 140, 231 P. 237. That case is clearly distinguishable. Therein the question of the delivery of the deed was involved, and the court determined a disputed question of fact from testimony which disclosed that a deed had been placed by the grantor in the hands of an agent. The deed in the case at bar specifically reserved in the grantor a life estate, and the claim of homestead exemption and the rental to the tenant were thoroughly consistent with both the delivery of title and the reservation of life estate. The remaining cases cited by the defendant on this point are likewise distinguishable.

Neither do we find anything in the action brought by Neva Lou Wasson and the plaintiffs to quiet title inconsistent with the claim of the entire title by the plaintiffs. The parties in that action had a right to pursue the most effective method to clear their title. Since the deed had not been recorded, the method pursued was the most effective.

The judgment of the trial court is not clearly against the weight of the evidence, and is therefore affirmed.

WELCH, CORN, DAVISON, JOHNSON, and O'NEAL, JJ., concur.