Waymon G. DOWELL, Plaintiff in Error,

v.

J. W. McNEILL, J. W. McNeill, Executor of the Estate of Mary K. Barlitt, Deceased; Clara Mae McNeill, H. Tom Kight, Jr.; Mignon D. Ford; Marjorie Ford, Also Known as Margy Ford; Lennie Sawyer; B. R. Young; Pearl Davis; Allen Sanders, and, G. Edward Phee, if living, or if deceased, the Unknown Heirs, Executors, Administrators, Devisees, Trustees and Assigns, Immediate and Remote, of Those Persons Who are Deceased; and the Unknown Heirs, Executors, Administrators, Devisees, Trustees and Assigns, Immediate and Remote, of Mary K. Barlitt, also known as M. K. Barlitt and as Mary C. Barlitt, Deceased, Defendants in Error.

No. 36671.

Supreme Court of Oklahoma.

July 12, 1955.

Ralph B. Brainard, Claremore, for plaintiff in error.

T. Austin Gavin, Tulsa, for defendants in error.

CORN, Justice.

Plaintiff brought this action seeking to quiet title to real property in Claremore, Oklahoma, title to which was alleged to have vested in him by virtue of a certain warranty deed from Mary K. Barlitt, deceased. The petition alleged the named defendants claimed right, title and interest in the property adverse to plaintiff under one or the other of two separate wills which had been offered for probate in the county court. Plaintiff deraigned title through numerous conveyances into his immediate grantor (Barlitt), who conveyed to him by warranty deed dated July 16, 1948, and which was recorded June 3, 1953 after grantor's death. The petition set forth a second cause of action for ejectment. A third cause of action, seeking accounting of rents and profits, was eliminated from consideration prior to trial.

Defendants J. W. McNeill and Clara McNeill answered setting up that McNeill was the executor of estate of deceased under will which had been offered for probate. Recordation of plaintiff's deed was admitted, but, defendants alleged: (1) the deed was a gift and void for lack of consideration; (2) at the time of the purported execution and delivery of the deed the grantor did not intend to divest herself of title and the deed, therefore, was void and unenforceable; (3) failure to record deed or assert right to possession of property until after grantor's death estopped plaintiff to assert title thereto; (4) if deed was in fact a gift same was not intended to take effect until after grantor's death,

and thus was a purported will and void for failure to comply with statutes; (5) purported deed was void and unenforceable by reason of coercion, duress and undue influence. By cross-petition defendants alleged plaintiff's claim constituted a cloud upon executor's title, and asked that plaintiff be enjoined from claiming any interest therein.

The defendant Kight's answer was substantially the same as that of defendants McNeill. The cross-petition alleged that a contest was pending between those claiming under two wills which had been offered for probate, and such conflict should be determined before any issue concerning title to this property could be tried. Defendant also asked that plaintiff be enjoined from asserting any title or interest in the property.

The defendant Phee's answer was identical with that of the defendant Kight. His cross-petition asserted that he was a legatee under one of the aforementioned wills, and that no determination of title could be made until the conflict in the probate matters was resolved. He further asked that plaintiff be enjoined from claiming any interest in the property.

Plaintiff replied to the answers, and answered the various cross-petitions by general denials.

At the trial of this case the parties stipulated the instruments under which plaintiff deraigned title were of record, and disclosed that title to this property was acquired by plaintiff's grantor, Mary K. Barlitt by quitclaim deed dated March 15, 1930.

At the close of plaintiff's evidence the trial court sustained the joint and several demurrers of defendants to plaintiff's evidence, entered judgment for defendants, and quieted title in the executor, J. W. McNeill, against the claims of plaintiff or any of the defendants. The trial court's action in sustaining the demurrers to plaintiff's evidence provides the basis of this appeal, and requires the following statement of the evidence introduced by plaintiff.

Plaintiff's first witness was the party before whom the grantor executed the deed

on July 16, 1948. The witness was under the impression she was a notary public at the time. However, it was stipulated that her commission as a notary public had expired on July 7, 1943. The witness identified the deed, introduced in evidence as an exhibit, as an instrument which the grantor brought in already filled out, other than being signed and acknowledged. Grantor signed the deed in the presence of the witness, who then filled out and signed the acknowledgment, after which the instrument was returned to the grantor who placed it in her purse and departed. The witness was not permitted to testify as to requests and conversation by the grantor when the deed was signed.

Plaintiff's mother testified she first saw the deed in plaintiff's possession in 1948 or 1949, at which time he opened a lockbox and displayed the instrument to her and his father. She next saw the deed the day following grantor's death, when she carried the lockbox to the office of plaintiff's counsel, where the box was opened and the deed taken therefrom. On cross-examination the witness disclosed she took the lockbox to counsel's office in response to a telephone request from plaintiff who, at that time, was in the county jail. The witness was not permitted to testify concerning plaintiff's communications with her concerning the deed.

Two disinterested witnesses, both citizens of Claremore, testified in plaintiff's behalf. One, an automobile dealer, stated that in the summer of 1950 plaintiff was present in this witness' place of business, and at that time had this deed in his possession and displayed same to witness. The court refused to permit the witness to testify relative to conversations had in reference to the deed.

The other witness, a medical doctor, had known plaintiff a number of years. He identified the deed as an instrument which plaintiff had brought to his office and exhibited to him several years before. This incident occurred prior to the death of the grantor, with whom the witness was acquainted.

The plaintiff testified that in June, 1953, he was in jail, but had this deed recorded.

The trial court refused to permit plaintiff to testify that the deed was recorded at his direction. Upon objection being sustained to such proof plaintiff's counsel asked to be sworn. Counsel then testified he had seen the deed in 1950 or 1951, when plaintiff brought the deed to his office and had some conversation with counsel in regard thereto. The instrument was returned to plaintiff, and he next saw the deed in a lockbox which plaintiff's mother brought to his office in June 3, 1953. Counsel removed the deed from the box and sent his secretary to record the deed which, after recordation was returned to counsel and remained in his possession.

At the close of the testimony defendants jointly and separately demurred to the evidence and the court then heard argument thereon. After consideration of the matter the court sustained the demurrers, and in substance, stated the following reason for his action. Since plaintiff was the holder of the deed the burden was upon him to establish his theory of the case, which necessitated that plaintiff establish the basis upon which he asked judgment.

The court further stated:

"If this had been an action by the administrator, say, or executor, to cancel the deed, then he would have—they would be the moving force, they would have to move forward, and they would be in the position of assuming the burden, but the Court can't render a judgment for plaintiff, affirmative or positive matter, in a defensive manner. I mean that would be backing into the thing.

"These cases cited are, they are all right, but then I don't know whether this is a gift, whether the plaintiff contends it is a gift inter vivos, or contends the deed was obtained in the regular course of business for a valuable consideration, and it just occurs to me that that in itself is indicative of plaintiff's failure to make a case."

The judgment appealed from was entered in conformity with the trial court's statement. Since the case must be reversed for a new trial it is not necessary that we consider all the matters presented by plain-

tiff as grounds for reversal of this judgment.

It is elementary that a demurrer to the evidence admits the truth of every fact which the evidence in the slightest degree tends to prove, and all inferences reasonably deducible, therefrom. Defendants' demurrers, then, were required to be considered in the light of the matters disclosed by plaintiff's evidence, noted heretofore.

It is essential to the validity of a deed that there be an actual delivery in order to pass title. McKeever v. Parker, 204 Okl. 1, 226 P.2d 425. A valid delivery sufficient to pass title occurs only when the grantor parts with dominion over the deed with the intention to pass title. French v. Ayres, 201 Okl. 494, 207 P.2d 308. Whether there was a valid delivery with intent to pass present title into the grantee is a question of fact. O'Neal v. Turner, 197 Okl. 527, 172 P.2d 1013; Russell v. Baugh, Okl., 263 P.2d 428. And, where a party having burden of proving title introduces in evidence a duly executed warranty deed, valid upon its face, which purports to convey the record title in fee simple, such deed is prima facie evidence of title and the burden of proving the invalidity of the deed rests upon the party alleging the invalidity of the instrument. Jordan v. Jordan, 62 Okl. 171, 162 P. 758.

Actual possession of this deed by the grantee during the grantor's lifetime was established by the undisputed evidence. This constituted a prima facie showing of delivery to the grantee. Wasson v. Collett, 204 Okl. 360, 230 P.2d 258. Nor does the fact the grantor remains in possession and exercises dominion over the property after delivery render the deed inoperative. Yarbrough v. Bellamy, 197 Okl. 493, 172 P.2d 801; Little v. Echols, Okl., 269 P.2d 984; Hoskyns v. Hooker, Okl., 283 P.2d 1109.

Viewed in the most favorable light plaintiff's evidence sufficiently established a prima facie case of a valid delivery of a deed conveying title to plaintiff. The proof disclosed execution and acknowledgement of the instrument, the grantee's possession prior to the grantor's death, although not recorded until after that occurred, delivery of the deed on the date of execution, which may be presumed from the fact of possession, and that the instrument was executed for a valuable consideration. See Wasson v. Collett, supra, and cases cited therein.

In view of the trial court's comments, made in sustaining the demurrers, it appears that the court conceived the rule to be that a grantee, under a deed regular upon its face, who had not been in possession of the property conveyed must, in an action brought to establish his title, bear the burden ordinarily laid upon those who assert the invalidity of such instrument. The argument offered in support of the trial court's action (sustaining the demurrers) is unpersuasive and made without consideration of the rules above-mentioned.

The judgment is reversed and the case remanded for new trial.

WILLIAMS, V. C. J., and DAVISON, HALLEY and BLACKBIRD, JJ., concur.