Waymon G. DOWELL, Plaintiff in Error,

v.

J. W. McNEILL et al., Defendants in Error.

No. 37413.

Supreme Court of Oklahoma.

Sept. 17, 1957.

Ralph B. Brainard, Claremore, for plaintiff in error.

T. Austin Gavin, Tulsa, H. Tom Kight, Jr., Claremore, and Edward F. Sharp, New Madrid, Mo., for defendants in error.

WILLIAMS, Justice.

This action was brought by Waymon G. Dowell, hereinafter referred to as plaintiff, seeking to quiet title to certain real property situated in Claremore, Oklahoma, title to which was alleged to have vested in him by virtue of a certain warranty deed from Mary K. Barlitt, deceased. The petition alleged the named defendants claimed some right, title and interest in the property adverse to plaintiff under one or the other of two separate wills allegedly executed by Mary K. Barlitt, which had been offered for probate in the County Court. Plaintiff deraigned title through numerous conveyances into his immediate grantor, Barlitt, who conveyed to him by warranty deed, dated July 16, 1948, and which was recorded June 3, 1953, after grantor's death. Defendants answered asserting the invalidity of the deed under which plaintiff asserts title to the property and by cross-petition sought to enjoin plaintiff from claiming any interest therein. Upon trial of the case, the court sustained the joint and several demurrers of defendants to plaintiff's evidence and entered judgment for defendants accordingly. Plaintiff appealed, and this court decided that plaintiff's proof was sufficient to make a prima facie case in his favor, and the judgment of the trial court was reversed upon the grounds stated in the syllabus of the opinion reported at 285 P.2d 856 and the cause was remanded for a new trial.

The matter then came on for its second trial in the district court and, by agreement of the parties, the evidence at the previous trial was considered as part of the record for the re-trial of the case, and the case thereafter proceeded and was tried upon its merits. The trial court rendered judgment for the defendants, cancelling the deed under which the plaintiff claimed title, and quieted title to the property in question in the estate of plaintiff's grantor as against plaintiff and all persons claiming under him, and plaintiff appeals.

Plaintiff asserts as his only proposition of error, that defendants have not sustained the burden of proving the invalidity of plaintiff's deed to the property and the trial court's decision and judgment, adjudging same to be invalid, are contrary to the weight of the evidence, contrary to law, and should be reversed with directions to enter judgment for the plaintiff. In support of this proposition plaintiff asserts that his evidence established that his grantor executed and delivered to him during grantor's lifetime a warranty deed which by its terms conveyed a fee simple title to the property to plaintiff and that plaintiff prima facie thereby became the owner of the property, and that when plaintiff proved himself to be the prima facie owner of the property by deed, the burden of proving the invalidity of the deed came to rest upon the defendants.

It must be conceded that plaintiff's evidence was sufficient to establish a prima facie case and to withstand a demurrer thereto, as we so held upon the occasion of the previous appeal in this case.

Defendants alleged in their separate answers that the deed was a gift and void for lack of consideration; that at the time of the execution and delivery of the deed the grantor did not intend to divest herself of title and the deed was therefore void and unenforceable; that failure to record the deed or assert the right to possession of the property until after grantor's death estopped plaintiff to assert title thereto; and that if the deed was in fact a gift, the same was not intended to take effect until after grantor's death, and thus was a purported will and void for failure to comply with the statutes relating to wills.

Defendants established by a number of witnesses that the grantor in the deed in question suffered an injury to her back some time in May of 1948, which injury confined said grantor to her home and in fact to her bed throughout the summer of 1948 and until some time in September of such year; that said grantor was unable to and did not leave her home during such time except in a wheel chair or upon a stretcher. Such testimony of course serves to place grave doubt upon the testimony

of plaintiff relative to the manner, time and place of the alleged execution and delivery of the deed in question.· Defendants' testimony also estabished, and in fact plaintiff admitted, that throughout the approximately five year period following the alleged execution and delivery of the deed in question and up until the death of the grantor, said grantor continued to exercise complete dominion and control over the property in question, maintaining her residence and place of business thereon, collecting the rents and profits therefrom, paying or causing to be paid the taxes thereon, making application for homestead exemption thereon, and by will executed after the date of the deed in question, specifically devised the property involved to someone other than plaintiff. Throughout this period grantor frequently announced and expressed her ownership of the property by both word and act and frequently expressed her intentions and desires with regard to disposition of the property upon her death.

█ The crucial question in this case is whether or not grantor delivered the deed to plaintiff with the present intention to pass title to him. The judgment of the trial court must be presumed to be tantamount to a finding that the deed in question was never delivered with the present intention to pass title, because only upon that theory could the title remain in grantor after the execution of such deed. Where there is a dispute as to whether a deed has been delivered so as to vest in the grantee a present title, the question is one of fact to be determined from the facts and circumstances peculiar to each case; and it is largely a question of intention on the part of the grantor to be ascertained from the acts and declarations of the grantor preceding, attending, and subsequent to the execution of the instrument. O'Neal v. Turner, 197 Okl. 527, 172 P.2d 1013; Simler v. Simler, 168 Okl. 288, 32 P.2d 876.

█ Although a deed is found in possession of the grantee, the fact that the grantor continues to exercise acts of ownership over the premises is inconsistent with the theory of an intentional delivery, and may justify the court in finding that there has been no delivery, operative and effectual to pass title. Maynard v. Taylor, 185 Okl. 268, 91 P.2d 649; 16 Am.Jur. 513.

█ It must be borne in mind that the cause was tried to the court without the intervention of a jury, and that it is one of equitable cognizance, and consequently the judgment will not be disturbed on appeal unless it is clearly against the weight of the evidence. Yarbrough v. Bellamy, 197 Okl. 493, 172 P.2d 801; Travis v. McCully, 186 Okl. 378, 98 P.2d 595.

In view of the continued acts of ownership and domination, above referred to, displayed by the grantor in the deed in question throughout the balance of her life, and in view of the substantial doubt cast upon the credibility of plaintiff's evidence, we cannot say that the finding and judgment of the trial court is against the clear weight of the evidence.

Judgment affirmed.