PEVETO v. PEVETO

Skip to Main Content
Accessibility Statement

Help
Contact Us

e-payments
Careers

Home
Courts
Decisions
Programs
News
Legal Research
Court Records
Quick Links

OSCN Found Document:PEVETO v. PEVETO

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

PEVETO v. PEVETO2022 OK CIV APP 7Case Number: 119497Decided: 02/22/2022Mandate Issued: 03/23/2022DIVISION IIITHE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2022 OK CIV APP 7, __ P.3d __

BURL PEVETO, Plaintiff/Appellee,
v.
LORIE ANN PEVETO, Defendant/Appellant.

APPEAL FROM THE DISTRICT COURT OF
MCCURTAIN COUNTY, OKLAHOMA

HONORABLE JANA KAY WALLACE, JUDGE

REVERSED AND REMANDED

James T. Branam, LAW OFFICE OF JAMES T. BRANAM, PLLC, Antlers, Oklahoma, for Plaintiff/Appellee,

Keith A. Jones, KAJONESLAW, PLLC, Tulsa, Oklahoma, for Defendant/Appellant.

Bay Mitchell, Vice-Chief Judge:

¶1 Plaintiff/Appellee Burl Peveto (Husband) sued his former wife Defendant/Appellant Lori Peveto (Wife) seeking partition of the house they once owned in joint tenancy with rights of survivorship. While married, the ownership of the house alternated between joint tenancy and Wife as the sole owner. In the divorce, the decree of dissolution failed to specifically address the house. The issue is whether Wife owns the house in her individual capacity or whether the house is owned by Wife and Husband as joint tenants. In the partition proceeding below, the court in its final order found that the original deed from Husband to Husband and Wife as joint tenants was the only operable deed as the others were either prepared to defraud creditors and therefore void or they were never delivered. The trial court remanded the matter to the divorce court to dispose of the marital asset. We find that the court's order is contrary to the clear weight of the evidence and is not in harmony with the law. The judgment of the court below is reversed.

FACTS

¶2 Four months prior to their marriage in November 2000, Husband purchased a house with funds supplied by Wife. Soon thereafter, Husband conveyed his individual interest to himself and Wife as joint tenants with rights of survivorship. Over the course of fourteen years, the house was transferred back and forth between Husband and Wife as joint tenants, and Wife as the sole owner. In total, five deeds were filed prior to Husband and Wife's divorce in September 2015 and two deeds were filed after. Through each transfer and the divorce, Wife has remained in the house.

¶3 Two months after Husband's initial transfer of the house into joint tenancy, he prepared, executed, and immediately filed a quit claim deed transferring all of his interest to wife. Three years later, he prepared a warranty deed executed by both spouses transferring the house back into joint tenancy. This deed, which was prepared to qualify for a mortgage, was quickly filed. However, before it was filed, Husband prepared another quit claim deed (2004 deed) transferring the house into Wife's name only. The house stayed in Wife's name until three years later when Husband prepared a warranty deed (2007 deed), executed by both spouses, transferring the house back into joint tenancy. The deed remained, unfiled, in their house for seven years until Husband filed it one month prior to filing for divorce. In the interim, between when Husband and Wife executed the deed and Husband filed it, Husband prepared another quit claim deed (2011 deed) transferring his interest to Wife. From that time forward, Wife exclusively paid the mortgage and taxes. The 2011 deed was placed in Wife's filing cabinet and was not filed until Wife found it a year and a half after the final divorce decree was entered.1

¶4 Husband alleges that the quit claim deeds were prepared in anticipation of his death so that Wife could file them to avoid the necessity of filing a death certificate and an affidavit of surviving joint tenant in the event of his death. He provides no explanation as to the reason that all of the deeds except the last few were filed soon after they were executed and prior to his death. Wife denies knowledge of Husband's estate planning work-around and acknowledges filing only the 2011 deed. Wife alleges that Husband's conveyances were designed to avoid creditors. The trial court found that the deeds were fraudulent -- a fact we do not question -- and that most of the deeds were not delivered -- a finding we dispute as it is unsupported by both fact and law.

STANDARD OF REVIEW

¶5 This case presents mixed questions of fact and law. Where there is conflicting evidence on an issue of fact, we defer to the judgment of the trial court unless such finding is clearly against the weight of the evidence. Mueggenborg v. Walling, 1992 OK 121, ¶5, 836 P.2d 112, 113--14. We review questions of law de novo. K-Mart Corp. v. Herring, 2008 OK 75, ¶2, 188 P.3d 140.

PROPERTY DIVISION IN
THE DIVORCE DECREE

¶6 The initial question is whether the house was part of the marital estate at the time of the divorce. Jointly acquired property can be removed from the marital estate through inter-spousal conveyances. Dorn v. Heritage Tr. Co., 2001 OK CIV APP 64, ¶11, 24 P.3d 886, 889. The property is then excluded from equitable division in a subsequent divorce proceeding. King v. King, 2009 OK CIV APP 49, ¶11, 212 P.3d 1232, 1235. Property division and retention of individually owned assets are typically addressed in the divorce decree, however, "assets acquired during coverture which are omitted from the court's division of spousal property in the decree are owned by the party in whose name title was vested before the divorce." Chapman v. Chapman, 1984 OK 89, ¶11, 692 P.2d 1369, 1374 (citation omitted).

¶7 Based on the 2004 deed, Wife contends that title to the house was in her name at the time of the divorce, and therefore, there was no need to address the house in the divorce decree. The 2004 deed was effective in transferring the house into Wife's name only. Her assertion is further supported by the fact that Wife has remained in the house since the divorce.

COLLATERAL ATTACK

¶8 Wife claims that Husband's petition for partition is a collateral attack on the order from the divorce court. "An attack is collateral when it seeks 'to avoid, defeat, evade, or deny the force and effect of a final order or judgment in an incidental proceeding other than by appeal, writ of error, certiorari, or motion for new trial.'" Fleetwood v. Chevron U.S.A. Prod. Co., 2010 OK CIV APP 63, ¶19, 239 P.3d 960, 964 (citation omitted). "At least one case defines 'collateral attack' as an 'objection' incidentally made to a former proceeding during a later one." Matter of Akers' Est., 1975 OK CIV APP 29, ¶9, 541 P.2d 284, 286. Husband implies it is not a collateral attack because it is unclear whether the property was removed from the marital estate and was intentionally omitted from the divorce decree.

FRAUDULENT CONVEYANCES

¶9 The trial court found that the initial deed transferring the house from Husband to Husband and Wife as joint tenants was the only operable deed due to fraud and lack of delivery of the other deeds. The clear weight of the evidence supports the trial court's finding that the deeds were prepared for fraudulent purposes. It is true that a "transfer made or obligation incurred by a debtor is fraudulent as to a creditor..." 24 O.S. 1986 §116(A). However, attempting to defraud creditors does not overcome the presumption of donative intent between the parties to the instrument. Metcalf v. Metcalf, 2020 OK 20, ¶17, 465 P.3d 1187, 1191. The trial court's order determining that the deeds were void because they were prepared to defraud creditors is contrary to law. The fraudulent deeds do not prevent the transfer from occurring between Husband and Wife.

¶10 Husband asserts that the deeds were prepared for estate planning purposes. This claim is unpersuasive. As an attorney, Husband should have been aware that the deeds would need to be filed in his lifetime or comply with the requirements of a will, which they do not, to be effective if filed after his death.

To be effective after the grantor's death, the deed must have been executed by the grantor in the form and manner required by law for the execution of deeds, and in the lifetime of the grantor he, the said grantor, must have caused such deed and the title to such real estate to have passed completely beyond his power and control, and have caused the title to same to pass into the control of the grantee...

Snodgrass v. Snodgrass, 1924 OK 597, ¶20, 231 P. 237, 240.

¶11 Regardless of whether Husband prepared the deeds for testamentary purposes, which is not supported by the evidence, or to avoid creditors, the property still transferred to Wife as a gift. A conveyance for estate planning purposes may serve as a gift from one spouse to the other. Bartlett v. Bartlett, 2006 OK CIV APP 112, 144 P.3d 173. "[I]n an equitable proceeding, it is incongruous to allow evidence of a fraudulent transfer to rebut the presumption of a gift." Metcalf, 2020 OK 20, ¶17, 465 P.3d at 1192. Husband's preparation and execution of the deeds for fraudulent purposes does not preclude the transfer of the property to Wife.2

DELIVERY

¶12 The trial court determined that the only operable deed was the first deed placing the house in joint tenancy, finding specifically that several of the other deeds were not delivered.3 The issue of delivery is pertinent to the effectiveness of the 2007 deed and the 2011 deed which were filed years after they were executed. The trial court found that the deeds were not delivered. This finding is contrary the clear weight of the evidence and is contrary to law.

¶13 "The rule is that where there is a dispute as to whether a deed has been delivered, the question is one of fact to be determined from the facts and circumstances peculiar to each case." Yarbrough v. Bellamy, 1946 OK 241, ¶8, 172 P.2d 801, 803. "[T]he delivery of a deed may be established by circumstantial evidence." Johnson v. Craig, 1913 OK 142, ¶10, 130 P. 581, 583. "The law does not prescribe any particular form of words or actions as necessary to consummate a delivery." Id. at ¶12. Considering the circumstances and based on Husband's pattern and practice of filing each of the preceding deeds shortly after their execution, there is no reason to assume he did not intend for the 2007 deed and 2011 deed to be delivered and immediately go into effect upon execution.

¶14 The burden is on the grantor to show by clear and convincing evidence that the deed was not actually delivered. Abrams v. Neal, 1936 OK 622, ¶17, 61 P.2d 1103, 1105. Possession of a deed by a grantee is prima facie evidence of its delivery. Id. "The rule is that, when a grantee is in possession of a deed, the presumption is that it was delivered at the date of the execution." Shaffer v. Smith, 1916 OK 441, ¶2, 156 P. 1188, 1188. The grantor has the burden to overcome the presumption of delivery. Id. at ¶15. An interested party cannot overcome the presumption of delivery with testimony alone. Johnson, 1913 OK 142, ¶11, 130 P. at 583. Here, the 2011 deed returning title to Wife's name only was in Wife's possession, stored in her filing cabinet. Husband failed to offer evidence, beyond his own testimony, to rebut the presumption of delivery.

¶15 However, "[t]he real test of delivery is this: Did the grantor by his acts or words, or both, intend to divest himself of title? If so, the deed is delivered." Id. ¶6, 130 P. at 583. Gifts of real property require donative intent. Larman v. Larman, 1999 OK 83, ¶8, 991 P.2d 536, 540. "Absent donative intent, the original ownership regime of the property remains intact." King v. King, 2009 OK CIV APP 49, ¶13, 212 P.3d 1232, 1235. Importantly, "the acts of the grantor relevant to his intention in the matter are not limited solely to what took place on the day of the execution of the instruments." Johnson, 1913 OK 142, ¶5, 130 P. at 583. Following the execution of the 2011 deed placing the house in Wife's name only, Wife exclusively paid the mortgage and taxes on the house. The circumstances and evidence suggest that Husband intended to divest himself of title to the house.4

¶16 The delay in executing the 2011 deed and filing it in 2017 has no impact on the effectiveness of the deed. The presumption of delivery is not destroyed by a long period of time between execution and recordation. McKeever v. Parker, 1950 OK 344, ¶12, 226 P.2d 425, 428. Further, after a deed intended for estate planning purposes is delivered, whether it is discussed or filed has no effect over the validity of the instrument. Johnson, 1913 OK 142, ¶5, 130 P. at 583.

¶17 The clear weight of the evidence and law indicate that Wife owned the house following the 2004 deed. However, even if Wife did not have exclusive title in 2004, she did by 2011 when Husband delivered the final quit claim deed transferring his interest to her. Husband intended to convey the house to Wife either for fraudulent reasons or estate planning purposes, but either way, he had donative intent and the property passed title from joint tenancy to Wife's individual ownership.

¶18 The trial court's order is REVERSED. This case is remanded to the trial court to enter judgement for Defendant/Appellant, Lorie Ann Peveto, in the partition action.

PRINCE, P.J., and SWINTON, J., concur.

FOOTNOTES

1 Husband responded by deeding the house to his daughter who brought the present action against Wife. The trial court substituted in Husband as the plaintiff and, in its final order, dismissed Husband's daughter from the case.

2 A deed does not have to be acknowledged and recorded in order to be valid as between the parties to the conveyance. 16 O.S. 2011 §15.

3 Delivery of a deed is an essential requirement in order for it to pass title. Carlile v. Carlile, 1992 OK 57, ¶5, 830 P.2d 1369, 1371.

4 When spouses stay together following a conveyance of property and continue to use the property jointly, there is evidence of an intent for the property to remain joint. Manhart v. Manhart, 1986 OK 12, ¶40, 725 P.2d at 1240. However, the facts of the present case do not support that Husband intended for the property to remain in joint tenancy as he intended to divest himself of the asset to either avoid creditors or for estate planning purposes.

Citationizer© Summary of Documents Citing This Document

Cite
Name
Level

None Found.

Citationizer: Table of Authority

Cite
Name
Level

Oklahoma Court of Civil Appeals Cases
 CiteNameLevel

 2001 OK CIV APP 64, 24 P.3d 886, 72 OBJ 1870, DORN v. HERITAGE TRUST CO.Discussed
 2006 OK CIV APP 112, 144 P.3d 173, BARTLETT v. BARTLETTDiscussed
 2009 OK CIV APP 49, 212 P.3d 1232, KING v. KINGDiscussed at Length
 2010 OK CIV APP 63, 239 P.3d 960, FLEETWOOD v. CHEVRON U.S.A. PRODUCTION CO.Discussed
 1975 OK CIV APP 29, 541 P.2d 284, MATTER OF ESTATE OF AKERSDiscussed
Oklahoma Supreme Court Cases
 CiteNameLevel

 1913 OK 142, 130 P. 581, 37 Okla. 378, JOHNSON v. CRAIGDiscussed at Length
 1992 OK 57, 830 P.2d 1369, 63 OBJ 1365, Carlile v. CarlileDiscussed
 1992 OK 121, 836 P.2d 112, 63 OBJ 2315, Mueggenborg v. WallingDiscussed
 1946 OK 241, 172 P.2d 801, 197 Okla. 493, YARBROUGH v. BELLAMYDiscussed
 1936 OK 622, 61 P.2d 1103, 178 Okla. 158, ABRAMS v. NEALDiscussed
 1916 OK 441, 156 P. 1188, 53 Okla. 352, SHAFFER v. SMITHDiscussed
 2008 OK 75, 188 P.3d 140, K-MART CORPORATION v. HERRINGDiscussed
 1924 OK 597, 231 P. 237, 107 Okla. 140, SNODGRASS v. SNODGRASSDiscussed
 2020 OK 20, 465 P.3d 1187, METCALF v. METCALFDiscussed at Length
 1950 OK 344, 226 P.2d 425, 204 Okla. 1, McKEEVER v. PARKERDiscussed
 1999 OK 83, 991 P.2d 536, 70 OBJ 3260, Larman v. LarmanDiscussed
 1984 OK 89, 692 P.2d 1369, Chapman v. ChapmanDiscussed
 1986 OK 12, 725 P.2d 1234, 57 OBJ 877, Manhart v. ManhartCited
Title 16. Conveyances
 CiteNameLevel

 16 O.S. 15, Necessity of Acknowledgment and Recording as to Validity - Acknowledge and Record as Condition for Judgment Lien to be Binding against Third PersonsCited
Title 24. Debtor and Creditor
 CiteNameLevel

 24 O.S. 116, Fraudulent Transfers to Creditors - Actual IntentCited

oscn

EMAIL: webmaster@oscn.net
Oklahoma Judicial Center
2100 N Lincoln Blvd.
Oklahoma City, OK 73105

courts

Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals
District Courts

decisions

New Decisions
Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals

programs

The Sovereignty Symposium

Alternative Dispute Resolution
Early Settlement Mediation
Children's Court Improvement Program (CIP)
Judicial Nominating Commission
Certified Courtroom Interpreters
Certified Shorthand Reporters
Accessibility ADA

Contact Us
Careers
Accessibility ADA